ALPENA ELECTRIC LIGHT CO. *v.* KLINE.

1. ELECTRICITY—PUBLIC SERVICE CORPORATION—POWER AND LIGHT
   —MICHIGAN RAILROAD COMMISSION.
   Where an electric light and power company was engaged
   in the production of both light and power, but at different
   rates to consumers, and one of its patrons, who obtained
   current for power in an industrial establishment, by the
   use of transformers furnished by the complainant, em-
   ployed the current to produce light without paying the
   higher rate adopted and published by the company for
   lighting current, an injunction was properly allowed to
   restrain defendant from so using the current, since his
   action operated as a discrimination against the other con-
   sumers of electricity for lighting purposes.

2. EQUITY—INJUNCTION.
   Before raising the question of reasonableness of rates
   charged by an electric power and light corporation, in a
   suit in equity involving an alleged discrimination brought
   about by defendant's purchasing power and transforming
   the current into a lighting current, the point should be
   presented to the Michigan railroad commission which is
   empowered by Act No. 106, Pub. Acts 1909 (2 How. Stat.
   [2d Ed.] § 2932 *et seq.*), to pass on the question of rates.

Appeal from Alpena; Emerick, J. Submitted Janu-
ary 23, 1914.  (Docket No. 56.)   Decided April 7,
1914.

Bill by the Alpena Electric Light Company against
Lewis T. Kline for an injunction. From a decree for
complainant, defendant appeals. Affirmed.

*Henry, Henry & Henry,* for complainant.

*I. S. Canfield,* for defendant.

The complainant in this case is engaged in the
manufacture and sale of electric current. It supplies
electricity both for light and power. ' Under Act No.

106, Public Acts of 1909 (2 How. Stat. [2d Ed.] § 2932 *et seq.*), it is required to and has filed with the Michigan railroad commission its rates for lighting service and its rates for power service. It charges a different and higher rate for the current when used for lighting than when used for power. The defendant owns and operates an industrial establishment in the city of Alpena. Outside the premises of the defendant the complainant, through a transformer, reduces the electricity carried upon its wires from 2,300 volts to 440 volts, and carries the current into the premises of the defendant at the latter voltage. After it is received upon the premises of the defendant, it is there used at said voltage to run certain motors which in turn furnish power for the operation of the plant. A portion of the current is by the defendant again run through a transformer, the voltage reduced to 110, and the current then used for lighting purposes within the plant. Under the system in operation complainant is unable to determine what portion of said current is used for power and what portion for electric light. Application was made to defendant for leave to enter upon his premises and connect his lighting system with the city system of lighting operated by complainant, which was refused. Whereupon complainant filed its bill of complaint praying for a mandatory injunction directing defendant to permit such changes to be made. Complainant is furnishing, and defendant is receiving, the current under a franchise granted by the city of Alpena.

Defendant's answer admits the charge that it is now converting a portion of the current which he receives at a voltage of 440 to a voltage of 110, which he uses for lighting purposes in his industrial establishment. He appears to claim first, that he has a right to do this, inasmuch as it can make no difference to the complainant once the current is upon his premises whether he uses it for the production of power

or the production of light, and, second, that he converts the current to the lower voltage through machines furnished him for that purpose by the complainant some time before the filing of the bill; and it is his claim that the complainant should now be estopped from demanding that he should discontinue their use. After a full hearing upon the merits, the following decree was entered:

"After reading and considering the bill of complaint, answer, and replication, and after hearing the proofs and allegations of the parties and arguments of counsel, on motion of Henry, Henry & Henry, solicitors for complainant, it is ordered, adjudged, and decreed, and the court now here doth order, adjudge, and decree that the defendant, Lewis T. Kline, be enjoined and restrained from using electricity or electrical power furnished by complainant to him at his industrial works in the city of Alpena for electric lighting in his said works in such a manner or from such a source that the current therefor cannot be metered and measured, and that said Kline be enjoined and restrained from continuing to use said power to generate his lights in his said industrial works from such a source or in such a manner that the current devoted to said lights cannot be accurately determined, metered and measured by complainant; that said complainant recover against the defendant his cost about his suit in this behalf expended, and have execution therefor."

From this decree, defendant appeals.

BROOKE, J. *(after stating the facts).* It is clear that since the passage of Act No. 106, Pub. Acts 1909 (2 How. Stat. [2d Ed.] § 2932), complainant is subject to the control and supervision of the Michigan railroad commission. It is not questioned that, as required by the said commission, it has filed with the commission a schedule of its rates. This schedule is one which divides the users of the current into classes; there being a classification according to the various quantities used, both as to users of the cur-

rent for power and light. The commission itself has not so far apparently fixed or attempted to fix the rates demanded by complainant. Those rates, however, upon complaint from the proper parties, are, under the terms of the act creating the commission, subject to revision. We understand from the record that no such application has been made. To permit one user to take the current at its power voltage and transform a portion of it to the lighting voltage, and use it for lighting, paying for the whole at the power rate, would be to permit a discrimination against all other users of the power for lighting, because the rate charged for the current when used for lighting is considerably higher than that charged when it is used for power.

It should be noted that the reasonableness of the rates charged for both classes of service according to the schedule filed with the railroad commission is not in issue in this proceeding. The right of a public service corporation to charge a higher rate for the same commodity when used for one purpose than when used for another purpose is perhaps not directly involved, though questioned by defendant. We deem it unnecessary to pass upon the question in this proceeding, as we are of opinion that the contention should in any event first be made before the railroad commission in a proper proceeding. Upon the question reference is had to the following authorities: *Boerth* v. *Gas Co.*, 152 Mich. 654 (116 N. W. 628, 18 L. R. A. [N. S.] 1197); *In re Investigation of Milwaukee Lighting Rates*, 9 Wis. R. R. Com. R. 541; *Silkman* v. *Board of Water Com'rs*, 152 N. Y. 327 (46 N. E. 612, 37 L. R. A. 827). See, also, Principles and Methods of Municipal Trading, by Prof. Douglas Knoop, p. 224.

We are satisfied that the complainant is entitled to the relief prayed, and that, if defendant feels himself aggrieved by reason of excessive charges, his remedy

is open through a proper application for relief to the railroad commission.

The decree is affirmed.

McAlvay, C. J., and Kuhn, Stone, Ostrander, Bird, and Steere, JJ., concurred. Moore, J., did not sit.