### HOMESTEAD CO. v. DES MOINES ELECTRIC CO.

#### (District Court, S. D. Iowa, C. D.  August 30, 1915.)

1. ELECTRICITY ⊂⇒11—SUPPLY—CHARGES—DISCRIMINATION.

A public service corporation, engaged in furnishing electric light and power to the inhabitants of a city, has no power to charge one patron one price, and a competitor a lower price for the same service under the same conditions, even though the higher price is not unreasonable or unlawful.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. ⊂⇒11.]

2. ELECTRICITY ⊂⇒11—DISCRIMINATION IN CHARGES—DAMAGES.

Where a public service corporation unlawfully discriminates in the rates charged, it is liable in damages to any person injured as the proximate result thereof; but, in the absence of statute, a person not injured by such unlawful act connot recover.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. ⊂⇒11.]

3. ELECTRICITY ⊂⇒11—CHARGES—DISCRIMINATION—MEASURE OF DAMAGES.

Where, in an action against a public service corporation, engaged in furnishing light and power to the inhabitants of a city, for damages due to a less rate being charged for light and power furnished by defendant to plaintiff's competitor than was charged plaintiff, it appeared that plaintiff was engaged in printing a weekly newspaper and doing a job printing and electrotyping business, and that its competitor was engaged in running a newspaper and job printing plant in the same city under like conditions, the damages recoverable were such as were the direct and proximate result of the lower rate, and therefore the difference in rates was not the true test of the measure of damages.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. ⊂⇒11.]

4. ELECTRICITY ⊂⇒11—DISCRIMINATION—ACTION FOR DAMAGES—PLEADING.

The first count of the petition in such case charged that defendant, a public service corporation furnishing electric light and power to the inhabitants of the city, discriminated by demanding and receiving from plaintiff the established published rates, and under like conditions, without cause, charging a company alleged to be plaintiff's competitor a rate equivalent to 42 per cent. of the published rate. The concluding part of the petition charged that "by reason of the facts set forth in the foregoing counts plaintiff has been damaged" in a stated total sum. *Held*, that the first count, considered in connection with the concluding part, stated a cause of action for nominal damages, and was therefore not demurrable.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. ⊂⇒11.]

5. ELECTRICITY ⊂⇒11—REASONABLENESS OF RATES—RIGHT TO QUESTION.

The reasonableness of the rate charged by a public service corporation for electric current cannot be raised by an individual user, so long as such rate does not exceed the maximum established by an ordinance enacted under express legislative authority.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. ⊂⇒11.]

6. ELECTRICITY ⊂⇒11—DISCRIMINATION—DAMAGES RECOVERABLE.

In an action against a public service corporation for damages from discrimination in the rates charged for electric light and power, expendi-

tures not shown to be the direct and proximate result of the discrimination are not recoverable.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. ☞11.]

At Law. Action by the Homestead Company against the Des Moines Electric Company. Demurrer to petition sustained in part and overruled in part.

Dunshee & Haines, of Des Moines, Iowa, for plaintiff.

Cummins, Hume & Bradshaw, of Des Moines, Iowa, for defendant.

WADE, District Judge. Action at law, upon petition in three counts. Each count of the petition is challenged by a demurrer. The first count charges that the defendant, a public service corporation, furnishing electric light and power to the inhabitants of Des Moines, was guilty of discrimination in charges, having demanded and received from the plaintiff the established public rates for light and power, while the defendant at the same time, and under like conditions, and without any cause for such discrimination, charged the Register and Leader Company a rate equivalent to 42 per cent. of the published rate. The petition further charges that the plaintiff and the Register and Leader Company are competitors, engaged in the same line of business, and that during all the period for which action is brought the defendant represented to the plaintiff that the rates were uniform, and that no inhabitant of the city of Des Moines in plaintiff's class, or under conditions similar to plaintiff, was receiving a lower rate.

Plaintiff asks judgment for $8,471.81, being the difference between the amount of the published rate charged the plaintiff and the reduced rate charged its competitor as aforesaid. During all of the time in controversy an ordinance was in force in the city of Des Moines, fixing the maximum rate to be charged by the defendant for light and power, and the rates charged the plaintiff were less than the maximum charge allowed by the ordinance.

Under the demurrer it is necessary to determine: (a) Whether, in case of discrimination in rates, the person paying the higher rate has a cause of action for damages; and (b) whether the difference in rates is the measure of damages; and, if not (c) whether the first count of the petition states facts upon which any other damage than the difference in rates can be recovered.

As hereafter decided, in ruling upon the demurrer to the second count of the petition, the rate fixed by ordinance must be assumed to be a reasonable rate. The plaintiff, not having paid in excess of the ordinance rate, cannot recover upon any theory that the rate paid was unreasonable. In fact, the first count of the petition makes no claim that the rate was unreasonable. Complaint is only made of the discrimination by which plaintiff was compelled to pay a higher rate than its competitor.

[1] I cannot agree with counsel for defendant that mere discrimination in rates furnishes no cause of action for damages to a person injured thereby. A public service corporation cannot charge one

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

patron one price, and a competitor another price for the same service, even though the higher rate may not be in excess of the legal rate

"Corporations or persons who undertake to supply a demand which is 'affected with a public interest' are not a law unto themselves, but are required to supply all alike who are alike situated, and are not permitted to discriminate in favor of or against any. By accepting from the city a franchise to lay pipes and mains in the streets and alleys, and through them furnish the inhabitants and the public with fuel, illuminating, and power gas, the company assumed a public duty. That duty was to supply gas at reasonable rates to all the inhabitants of the city, and to charge each the same price and furnish on the same terms as it did to every other for like service under the same or similar conditions." Phelan v. Boone Gas Co., 147 Iowa, 626, 125 N. W. 208, 31 L. R. A. (N. S.) 319.

In Cook v. Railway, 81 Iowa, 551, 46 N. W. 1080, 9 L. R. A. 764, 25 Am. St. Rep. 512, the Supreme Court quotes with approval from Redfield on Law of Railroads:

"But as the rule is clearly established at common law that a carrier is bound by law to carry everything which is brought to him for a reasonable sum to be paid to him for the same carriage, and not to extort what he will, it would seem to follow that he is bound to carry for all at the same price, unless there is some special reason for the distinction. * * * Carrying for reasonable compensation must imply that the same compensation is accepted always for the same service, else it could not be reasonable, either absolutely or relatively."

The court also quotes from Hutchinson on Carriers:

"Hence we may conclude that in this country, independently of statutory provisions, all common carriers will be held to the strictest impartiality in the conduct of their business, and that all privileges or preferences given to one customer, which are not extended to all, are in violation of public duty."

In Huffman v. Telephone Company, 143 Iowa, 590, 121 N. W. 1033, 23 L. R. A. (N. S.) 1070, it is said:

"No question is raised but that telephone companies are, to a limited extent and yet in a strict sense, common carriers of intelligence and news, and are bound to afford equal facilities to all in like situations. They must supply all alike who are alike, and cannot discriminate against any one."

In St. Paul Book Company v. St. Paul Gaslight Company, 153 N. W. 262, the Supreme Court of Minnesota says:

"The charge seems to be that in the conduct of defendant's business all consumers, similarly circumstanced are not treated alike. We doubt not that, the conditions being the same, the price must also be the same. Favoritism in a public service corporation towards some of its patrons is not tolerated in law."

In Pennsylvania Company v. Coal Company, 230 U. S. 184, 33 Sup. Ct. 893, 57 L. Ed. 1446, Ann. Cas. 1915A, 315, a case which fully reviews all the authorities, the Supreme Court of the United States, after stating that "the English courts have held that a shipper, who paid a reasonable rate, had no cause of action because the carrier had charged a lower rate to another," says that prior to legislation:

"The American decisions were conflicting, though 'the weight of authority in this country was in favor of an equality of charge to all persons for similar services.' "

Justice Brewer, in Western Union Co. v. Call Company, 181 U. S. 92, 21 Sup. Ct. 561, 45 L. Ed. 765, says:

"No one can doubt the inherent justice of the rules thus laid down. Common carriers, whether engaged in interstate commerce or in that wholly within the state, are performing a public service. They are endowed by the state with some of its sovereign powers, such as the right of eminent domain, and so endowed by reason of the public service they render. As a consequence of this, all individuals have equal rights both in respect to service and charges. Of course, such equality of right does not prevent differences in the modes and kinds of service and different charges based thereon. There is no cast iron line of uniformity which prevents a charge from being above or below a particular sum, or requires that the service shall be exactly along the same lines. But that principle of equality does forbid any difference in charge which is not based upon difference in service, and, even when based upon difference of service, must have some reasonable relation to the amount of difference, and cannot be so great as to produce an unjust discrimination."

Justice Brown, in Sullivan v. Railway, 121 Minn. 488, 142 N. W. 3, 45 L. R. A. (N. S.) 612, speaking for the Supreme Court of Minnesota, reviews the authorities fully and says:

"We are content to align ourselves with those courts which have declared that the modern common law imposes upon common carriers the duty of equality in tolls to all shippers similarly circumstanced for the transportation of the same class of goods the same distance."

Under the cases quoted, and numerous others, as well as upon sound principles of public policy, I hold that a public service corporation has no power to charge one patron one price and another a lower price, provided the conditions are the same, even though the higher price may not be said to be unreasonable or unlawful.

[2] This being the law, any person or corporation who violates this law is liable in damages to any person injured as the direct and proximate result of such unlawful act. This must be fundamental. On the other hand, in the absence of statute, a person not injured by such unlawful act cannot recover. There is no such thing as a recovery of a penalty, or recovering a judgment by way of punishment. Some courts have held that such unlawful practices may be restrained by injunction, or that legal duty may be enforced by mandamus; but no court has held that a person who has not actually suffered damage can recover a judgment for a violation of this sound principle of law and public policy.

[3] What is the measure of damages in such case has been the subject of extended discussion in the courts. There is much of conflict in the opinions. Most of the cases have arisen with reference to discrimination in railway rates. Many courts have held that the person paying the higher rate for transportation of freight is entitled to recover the difference between the rate paid and the lower rate charged a competitor. As applied to railway rates, this ruling might be upheld where it was shown that the person who received the favor of a lower rate was in direct competition with the person who paid the higher rate, and that shipments were made by each of the same kind of property, under the same conditions, to the same market, and sold under the same or similar conditions. In such case it might appear that the difference in the rate would be the actual injury suffered.

But as a general proposition I do not think that the difference in rate is the measure of damages. I think a great deal of confusion has arisen by failing to keep in mind the real basis of the cause of action for damages. The injured person was not injured by reason of the higher rate charged to him, it being conceded that such rate was reasonable; if he has been damaged, it is because of the lower rate charged his competitor, and, this being true, the difference between such lower rate and the higher rate charged a competitor cannot always measure the loss actually sustained as a direct result of the discrimination.

In this case the plaintiff was engaged in "printing a weekly newspaper, and doing a job printing and electrotyping business." Its competitor was "engaged in running a newspaper and job printing plant in said city under like conditions." Suppose that each was running a weekly newspaper, differing in politics and policies. Each would have its own circle of subscribers and readers. While in a sense the parties would be competitors, yet they are not competitors in such a sense as that the difference in the rate charged for electricity would be the true measure of damages arising out of the fact that one received a lower rate than the other. If the other party was entitled to a lower rate, as a matter of law, then, of course, the difference between that and the higher rate would be the true measure; but, when the damages to be recovered must be the direct and proximate result of the lower rate, it must follow that the difference in rate is not the true test as applied to such case.

The Supreme Court of the United States, in Pennsylvania Company v. Coal Co., 230 U. S. 184, 33 Sup. Ct. 893, 57 L. Ed. 1446, Ann. Cas. 1915A, 315 (supra), fully reviews all the authorities, and upon this matter of damages says:

"But it does not at all follow that the amount of injury suffered is the difference in the rates charged. It might be, or it might not be; but, in any event, it must be a subject of proof."

Whatever justification there may be for the rule as applied by the Supreme Court of Minnesota in Sullivan v. Railway, supra, in a case involving discrimination in railway rates, I cannot follow the rule in a case involving the facts presented in the case at bar.

[4] I therefore hold that the plaintiff is not entitled to recover, upon the allegations of the petition, the difference in the rates paid. I have carefully examined the first count of the petition to see if, under the allegations, any other elements of damage are charged; but I do not find that any averment is made relating to damage. In fact, it is not charged that the plaintiff has been damaged at all, nor is there any prayer for damage in this count; but at the close of the petition it is charged that:

"By reason of the facts set forth in the three foregoing counts, plaintiff has been damaged in the total sum of $14,033.65."

So that the first count of petition must be considered in connection with this charge, and, so considered, I apprehend there can be no dispute that the plaintiff would be entitled to recover nominal damages. 1 Sutherland on Damages, 10. And the right to recover nominal dam-

ages being a substantial right, it is necessary for me to hold that the first count of the petition does state a cause of action for nominal damages, and therefore the demurrer thereto must be overruled.

[5] The second count of the plaintiff's petition charges that the rates paid by the plaintiff were unreasonable and excessive to the extent of 58 per cent. It is admitted in this count that the rates charged and paid were less than the maximum rate prescribed by ordinance in the city of Des Moines.

It is contended by the plaintiff that it has the right in this proceeding to test the reasonableness of the rate fixed by said ordinance. Counsel for defendant contend that the price fixed by ordinance is conclusively presumed to be reasonable until the ordinance is set aside in a direct proceeding. Upon this question there is conflict in the authorities. Without reviewing them, I adopt the reasoning and conclusion reached in St. Paul Book Co. v. St. Paul Gaslight Co. (Minn.) 153 N. W. 262, supra, upon this point. The authorities are fully reviewed, and the court says:

"Our conclusion is that the reasonableness of the rate for electric current supplied by defendant cannot be raised at the instance of the individual user, so long as such rate does not exceed the maximum established by the ordinance referred to."

It is my judgment that it would be practically impossible to conduct a public service corporation, if each patron could in an independent action test the reasonableness of the rate after the same had been fixed by the city council, acting under express authority granted by the Legislature. In such cases tried to different juries in different courts, different results would only be natural, so that there would be no uniformity of price, and the expense and uncertainty incident to such a system would be ruinous. If such methods were permissible, the courts, in considering what constitutes a reasonable rate, would have to allow a large sum to be expended each year in defending the rates established by the proper tribunal.

The demurrer to the second count of petition will have to be sustained.

[6] The third count of the petition again admits that the rate demanded by defendant was less than the ordinance rate. It seeks to recover because of certain expenses which the plaintiff incurred because it did not want to pay the rate demanded.

The demurrer to this count will have to be sustained, for the reason that there are no damages charged which can in any manner be said to be the direct and proximate result of any wrongful act on the part of the defendant. As heretofore decided, it had the right to charge the ordinance rate. In this count, discriminations are not specifically stated; but, even if they were, the expenditures cannot be said to be the direct and proximate result of charging a lower rate to some other person.