TEN BROEK *v.* MILLER.

1. PUBLIC UTILITIES—DUTY TO FURNISH SERVICE—WATER—ELECTRICITY.

It is the duty of a resort company engaged in serving the public with water and electric light to serve all patrons alike, and not discriminate against any one of them, and this rule is applicable although it is only a semi-public utility corporation.

2. SAME—SERVICE MAY NOT BE DISCONTINUED TO ENFORCE COLLATERAL MATTER.

Service of water and electric light furnished by a resort company may not be cut off to force an owner of cottages on the resort to install a septic tank in place of a cesspool, but so long as he pays for said service in accordance with the rules and regulations he is entitled thereto.

3. DAMAGES—REFUSAL TO FURNISH WATER AND ELECTRIC LIGHT SERVICE.

In a suit to enjoin discontinuance of water and electric light service, and for damages resulting from refusal to furnish same, which prevented rental of two cottages for a season, an award of $1,000 *held*, justified by the proofs.

Appeal from Kent; Perkins (Willis B.), J.    Submitted June 8, 1927.    (Docket No. 47.)    Decided December 1, 1927.

Bill by Henry W. Ten Broek and another against Swan A. Miller and another to enjoin the discontinuance of electric and water service, and for damages. From a decree for plaintiffs, defendants appeal.    Affirmed.

*Linsey, Shivel & Phelps*, for plaintiffs.

*Diekema, Kollen & Ten Cate*, for defendants.

[1]Electricity, 20 C. J. §§ 28, 30; Waters, 40 Cyc. p. 791; [2]Electricity, 20 C. J. § 28; Waters, 40 Cyc. p. 796; 61 L. R. A. 105 *et seq.*, 31 L. R. A. (N. S.) 301; 40 L. R. A. (N. S.) 263; [3]Electricity, 20 C. J. § 34; Waters, 40 Cyc. p. 793; 22 L. R. A. (N. S.) 588; 27 R. C. L. 1422, 1423.

BIRD, J. Plaintiff is the owner of two lots in Macatawa Park, in Allegan county. They are improved with two cottages. Macatawa Park is a summer resort, with numerous cottages. The cottages are furnished water and electric light by defendant Macatawa Resort Company which was incorporated for the purpose, among other things, of furnishing water and electric light to the resorters. There is no village or city control in the park, and everything relating to health, order, and the peace of the community is governed by regulations and laws of the resort company.

The company had furnished plaintiff water and electric light for several years for his cottages. On July 16, 1923, the company severed the connections of the water and light and refused to furnish him water and light thereafter, although he was willing to pay for it, unless he subscribed to the following conditions:

"Macatawa Park, Michigan, April 9, 1924.
        "Ten Broek Conditions.
"Build such septic tank as approved of by the board of health.
"Pay for the value of wood taken, $25.
"Sign contract to abide by our laws and rules and regulations.
"Pay the attorney's fee, $35.
"When the above is complied with he will be recognized as a cottager."

Plaintiff refused to comply with the conditions, and in the spring of 1924 he restored the connections and filed this bill and obtained a temporary injunction inhibiting defendants from again severing them. Defendants contend that the connections were severed because plaintiff was ordered to build a septic tank to care for his sewage and instead of doing so he constructed a cesspool. Defendants further claim that plaintiff cut two trees on resort property, and would

not comply with the rules and regulations of the resort company. Plaintiff denies that he refused to comply with the rules and regulations of the resort company, and denies that he cut two trees on resort property, but admits that he cut two dead trees on his own property which were leaning toward his cottages, and because they were a menace to his cottages. Plaintiff further shows that he did not receive the notice to construct a septic tank until after he had completed a new cesspool, and he denies that the State health officer ordered the installation of septic tanks, but charges that he simply suggested it. He also denies that he violated any rules of the resort company by installing a cesspool, as section 23 of its by-laws recognized that cesspools may be installed. That by-law provides:

"No cesspool shall be placed within four feet of any cottage or within the cottage or outbuilding connected therewith."

And he shows by his proofs that many other cottagers, naming them, maintained cesspools to care for their sewage, and at the same time were receiving water and light.

One soon discovers while reading the record that there was much bad blood between Mr. Swan A. Miller, the president and general manager of the resort company, and the plaintiff. Without discussing their grievances, it perhaps will be sufficient to say that the unfriendly feeling which existed between them undoubtedly influenced, in some measure, the company when it deprived plaintiff of his water and light.

The real question for us to determine is whether the resort company was entitled to cut off and deprive plaintiff of his water and light for the reasons specified in its notice heretofore referred to. The resort company was engaged in serving the public with water and light. This was a public service, and it was its duty

to serve all patrons alike and not to discriminate against·any one of them, and this rule would apply even though defendant were only a semi-public utility corporation.    *Wolff Packing Co.* v. *Industrial Court*, 262 U. S. 522 (43 Sup. Ct. 630, 27 A. L. R. 1280). It had a right to provide reasonable rules and regulations in the conduct of its business of furnishing water and electric light, and unless these rules and regulations were complied with it would have a right to decline service.    It was, however, the duty of the resort company to furnish water and light under reasonable rules and regulations.    There is no claim that plaintiff refused to pay the rate charged for water and light, nor is there any claim that he did not pay in accordance with the rules, but defendants now say the service was cut off because plaintiff would not install a septic tank when ordered to do so.    The plaintiff denies that the resort company had any rule or regulation that septic tanks should be installed, and no such rule is shown in the evidence.    But even if it did have such a rule, and it was not complied with by plaintiff, that would furnish no adequate reason for refusing to furnish him water and light.

20 C. J. p. 333, in discussing this question, says:

"Payment of proper charges for service supplied is a reasonable condition of the right to receive it, and for nonpayment of such charges the service may ·be discontinued.    *But service cannot be cut off to enforce payment of a disputed claim, or a claim for service rendered at some other place, or of a collateral liability not connected with the particular service.*"

The installing of a septic tank was purely a collateral matter, and had no relation to the duty of defendant company to furnish the light and water and receive its pay therefor.    See, also, *Phelan* v. *Boone Gas Co.*, 147 Iowa, 626 (125 N. W. 208, 31 L. R. A. [N. S.] 319).    If plaintiff were violating a rule of the State health department he could be proceeded

against for its infraction in the proper forum. This would be a more orderly way of disposing of the dispute than for defendant to substitute itself for a court and punish plaintiff by shutting off his water and light.

The chancellor awarded plaintiff the sum of $1,000 for his damages. The deprivation of the light and water prevented his renting his cottages. We think the award was within the proofs and should not be disturbed. The decree of the lower court was right and should be affirmed, with costs of both courts.

SHARPE, C. J., and FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.

The late Justice SNOW and Justice STEERE took no part in this decision.