ANTISDEL *v.* MACATAWA RESORT CO.

1. PUBLIC UTILITIES — WATER — ELECTRICITY — REFUSAL TO OBEY REASONABLE REGULATIONS JUSTIFIED DENIAL OF SERVICE.

   Refusal by the owner of cottages at a summer resort to abide by the regulations of the resort company in regard to the use of water or to sign an agreement to obey the rules in relation thereto, and refusal to pay the actual cost of connection for electric light service justified the company in refusing to furnish water and light, where the regulations were reasonable and were impartially enforced.

2. SAME—REFUSAL OF SERVICE—TENDER—RIGHT OF ACTION.

   Refusal of a resort company to furnish electric light service to a cottage owner because she refused to abide by the regulations in regard to the use of water, although unjustified, would not furnish basis of an action for damages, where she made no tender or demand for light service separate from water service.

Case-made from Ottawa; Cross (Orien S.), J. Submitted April 12, 1928. (Docket No. 117, Calendar No. 33,693.) Decided July 24, 1928.

Case by Una Antisdel against the Macatawa Resort Company and another for failure to supply water and electric light service. Judgment for defendants. Plaintiff appeals. Affirmed.

*Fred P. Geib,* for appellant.

*Diekema, Kollen & Ten Cate,* for appellees.

FEAD, C. J.     This is an action to recover damages for the refusal of defendants to supply water and light for 1924, and "winter circuit" light for 1924, 1925, and 1926 to three cottages of plaintiff's at Macatawa

Park.    The circuit court filed findings of fact and law and rendered judgment for the defendants.

The defendant Macatawa Resort Company conducts a limited water and light service at the Macatawa Park summer resort.    Defendant Miller was principal owner and manager of the corporation.    The season ran from June 15th to September 15th.    The rest of the year was designated the "winter circuit."    There was testimony that in 1923 the plaintiff frequently violated the rules of the defendant company regarding the use of water for sprinkling.    In 1924, defendant refused to supply plaintiff with water and light unless she would sign an agreement that she would not violate the sprinkling rules.    She refused to sign.    She made tender of the fee for water and light but made no separate tender or demand for either.    She also demanded winter lights.    The defendant claimed that the winter circuit which ran to a life saving station had become overloaded and it could not furnish cottagers from that line, but was building a new line with which it offered to connect plaintiff's cottages on payment of the cost of $35.    Plaintiff refused to pay the cost.

The court found, and the findings are sustained by testimony, that the rules governing the use of water for sprinkling and the requirement that cottagers should sign an agreement to obey the rules were uniform to all, were reasonable and were impartially enforced, and that the requirement that the cottage owner should pay the actual cost of connection for winter service was reasonable and no discrimination was made against plaintiff.    In fact, the testimony shows that others were required to pay and did pay several times the amount asked of plaintiff.

Plaintiff relies on *Ten Broek* v. *Miller,* 240 Mich. 667, involving the same defendants and the same sort of service.    In that case, this court held that service

could not be discontinued to enforce a *collateral* matter, the building of a septic tank, which "had no relation to the duty of defendant company to furnish light and water and receive its pay therefor." The court there recognized the right of defendant to provide reasonable rules and regulations in the conduct of its business and to decline service in case of violation.

The water supply of defendant was limited. Regulations regarding the use for sprinkling were proper. And an agreement to obey the regulations was reasonable and pertinent to the service. There was considerable testimony that to furnish plaintiff with winter circuit light would require an extension of defendant's line and the payment of construction cost was not an unreasonable condition, so long as it was not discriminatory.

In the respect that the plaintiff was refused light service for the season of 1924 because she would not fulfil the conditions applying to the furnishing of water, the refusal was unjustified as it applied to a collateral matter. There was no showing that a waste of water had any relation to the furnishing of light. The point, however, is of no benefit to plaintiff in this action because she made no tender nor demand for the light service for that season apart from the water service.

The controversy between the parties seems to have engendered considerable personal feeling fully apparent in the record. However, there was substantial testimony to sustain the findings of the circuit court and we are not able to say that they are against the clear weight of the evidence.

The judgment is affirmed.

NORTH, FELLOWS, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred. WIEST, J., concurred in the result.