MACATAWA PARK CO. *v.* CONSUMERS POWER CO.

1. Public Service—Electricity—Summer Resorts—Contracts.

   Operator of summer resort which purchased electric energy from defendant and resold some of same to United States government and some owners of cottages on the property *held*, subject to current charges regardless of whether or not a written contract was in force during period in which it was claimed it had used none for itself.

2. Same—Public Utilities Commission—Rates.

   Since statute requires public utility to charge, and party desirous of using electric energy furnished by a public utility to pay, rates approved by public utilities commission and that revision of rates be secured in accordance with statutory method provided, decree for public utility in accordance with rate so fixed must be affirmed regardless of whether such energy is used or not (2 Comp. Laws 1929, § 11093 *et seq.*).

Appeal from Ottawa; Miles (Fred T.), J. Submitted October 6, 1937. (Docket No. 38, Calendar No. 39,614.) Decided December 15, 1937. Rehearing denied February 25, 1938.

Bill by Macatawa Park Company against Consumers Power Company, a Michigan corporation, to secure an adjustment of the rate charged for electric power, for an injunction and other relief. Cross-bill by defendant against plaintiff for a money decree for sums due for electric power. Bill dismissed. Decree for defendant on cross-bill. Plaintiff appeals. Affirmed.

*Diekema, Cross & Ten Cate,* for plaintiff.

*Travis, Merrick & Johnson,* for defendant.

Bushnell, J.   It is stipulated and agreed that both of the parties hereto are public utilities.   Defendant Consumers Power Company produces, distributes and sells electric energy, and plaintiff Macatawa Park Company operates a summer resort in Ottawa and Allegan counties, where it uses defendant's power, reselling some of it to others.   The cost of such service to plaintiff was established by the Michigan public utilities commission under an order dated May 5, 1922, which is commonly known as Rate No. 39.   This rate is a combination of both a monthly fixed charge and an energy charge; the question presented by this appeal from the decree of the circuit court for the county of Ottawa affects only the former.   Rate No. 39 was established at $30 net per kilowatt per annum for the first 100 kilowatts of transformer capacity, and under such rate the parties hereto entered into a contract which required plaintiff to pay a service charge of $1,500 per annum, payable $125 monthly.   The last written contract under which power was furnished is dated January 2, 1934, and is for a period of one year. It is agreed that this contract was renewed for a subsequent year.   Plaintiff operated its resort property only during the summer season and at other times uses little or no electric power except such as is furnished to the United States government and to some of the owners of cottages located upon the property.

Sometime in 1935 the park company began negotiations with the power company for an adjustment of rates, based upon the argument that there was an overcharge by defendant and the fixed charge was too high because practically no current was consumed during eight months of the year.   Defendant was later informed that plaintiff considered its contract terminated at the end of 1935, but the   .

power company, nevertheless, continued to bill the park company for the energy used and the fixed charge of $125 per month, and refused to accept tender of payment of the energy charges unless plaintiff would also pay the fixed charge. The negotiations and discussions continued until the park was about to open for the 1936 season, when defendant informed plaintiff that, unless the accrued fixed charges were paid in full within five days, service would be discontinued. The park company then filed this bill of complaint and secured a temporary injunction. Defendant sought a money decree for the unpaid charges.

During the period of negotiation and discussion a hearing was had before the utilities commission and an opinion was filed on April 28, 1936, which says:

"The Macatawa Park Company has not been purchasing its power from the Consumers Power Company at proper rates, and since this hearing has been before the commission, the matter has been under discussion with the Consumers Power Company."

The opinion then deals with the rights of the parties and concludes with the statement that "The commission has secured an agreement from the company to modify the rate of charge * * * so that the energy served during June, July, August and September will be on the basis of transformer capacity of 50 kilowatts and the energy served during the other eight months of the year will be on the basis of a transformer capacity of 12½ kilowatts."

An appropriate order was entered by the commission on May 4th, modifying the rate set up in schedule 39.

The trial court filed a written opinion in which it held that the statute, 2 Comp. Laws 1929, § 11094,

"makes the matter of rates subject to the commission," and that rate No. 39 was in force until May 1, 1936, and this rate included the fixed charge demanded by defendant. Accordingly, a decree was entered dismissing plaintiff's bill of complaint, dissolving the injunction and permitting defendant to recover the unpaid fixed charges for the months of January to April, 1936, in the sum of $516.40, with interest and costs.

Plaintiff's claim that it used no electrical current itself during the winter months but merely supplied others through its master meter may be true but, nevertheless, the park company was liable for such current charges regardless of whether or not a written contract was in force at the time.

The decree of the trial court is affirmed for the reason that the statute requires public utilities to charge the rate fixed by the Michigan public utilities commission. If plaintiff desired electric service and power, it was required by statute, 2 Comp. Laws 1929, § 11093 *et seq.,* to pay the rates which were approved by the commission. If these rates were unfair, unjust and discriminatory, the statute, section 11099, provided the method of securing revision. *Alpena Electric Light Co.* v. *Kline,* 180 Mich. 279. Under the facts presented in the record before us defendant could have charged no other rate and plaintiff could have paid no other rate than that fixed by the commission. See *Mieske* v. *Harmony Electric Co.,* 278 Mich. 61.

Decree affirmed, with costs to appellee.

Fead, C. J., and North, Wiest, Butzel, Sharpe, Potter, and Chandler, JJ., concurred.