MICHIGAN PUBLIC SERVICE CO. *v.* MADDY.

1. Public Service—Electricity—Discrimination.
    It is the duty of a corporation supplying electricity to consumers to serve all its patrons alike and not discriminate against any one of them.

2. Same—Extension of Electric Service Lines to Summer Resort—Unjust Discrimination—Consideration for Promissory Notes.
    In action of assumpsit on promissory note given electric service company in partial payment for extension of service lines to a summer resort colony by some of the prospective consumers, consideration therefor *held*, not illegal as being an unjust discrimination within meaning of statute prohibiting such unlawful conduct by a utility (2 Comp. Laws 1929, § 11099).

Appeal from Grand Traverse; Gilbert (Parm C.), J. Submitted April 5, 1938. (Docket No. 2, Calendar No. 39,590.) Decided June 6, 1938.

Assumpsit by Michigan Public Service Company, a Michigan corporation, against Joseph E. Maddy, William W. Norton and John Minnema on a promissory note. Judgment for plaintiff. Defendants Maddy and Norton appeal. Affirmed.

*Robert B. Murchie,* for plaintiff.

*Cochran & Crandell,* for defendants Maddy and Norton.

Bushnell, J. Plaintiff is engaged in supplying electricity to consumers in Grand Traverse county and elsewhere. Defendants Maddy, Norton and Minnema are owners of resort or summer cottage lots in "Orchestra Camp Colony" in Grand Traverse county. The parties negotiated for an extension of

the company's power lines to the colony, the estimated cost of the extension being $1,738.38. It is admitted that $750 of this cost was to be borne by the defendants, although $250 of this amount was in fact paid by Dr. Morrison, who owned other property served by the extension. After the extension of the power line was completed, defendants executed the note in question for the balance in the sum of $500, at six per cent. interest, payable in six months.

Plaintiff brought suit on the note and obtained judgment in the sum of $571.95 against the three defendants. Defendants Maddy and Norton admitted that they had signed the note and that it had not been paid in full, but they denied liability thereunder. They claimed the note was based upon an illegal consideration in that there were other lot owners benefited by the extension who were not charged any part of the cost of construction; that this was a violation of 2 Comp. Laws 1929, § 11099 (Stat. Ann. § 22.157), which prohibits discrimination by public service corporations among consumers. Defendant Minnema did not appear or participate in the suit.

The parties apparently concede that if the transaction in question is a violation of section 11099 the note is unenforceable, because based upon an illegal consideration. Section 11099 provides in part:

"The prices, rates and charges of every electric utility shall be just and reasonable and no consumer shall at any time be charged more or less than other consumers are charged for like contemporaneous service rendered under similar circumstances and conditions, and if any electric utility doing business within this State shall directly or indirectly by any special rate, rebate, draw-back or other device, charge, demand, collect or receive from any person

or persons, copartnership or corporation, a greater or less compensation for any service rendered, furnished or performed, than it charges, demands, collects or receives from any other person, or persons, copartnership or corporation, for rendering, furnishing or performing for him or them a like contemporaneous service, such electric utility shall be guilty of unjust discrimination, which is hereby prohibited and declared to be unlawful."

This section also provides for complaint in writing to the Michigan public utilities commission as the method of establishing "such rules and conditions of service as shall be just and reasonable." See *Macatawa Park Co.* v. *Consumers Power Co.,* 282 Mich. 505. This method was not pursued by defendants; on the contrary, they were requested by plaintiff to bear a part of the cost of the extension and acceded to the request by giving their note for the balance of their agreed share. They make no claim in their answer, nor is there any testimony indicating, that there was any fraud, misrepresentation or duress in the transaction.

It was the duty of plaintiff to serve all its patrons alike and not discriminate against any one of them. *Ten Broek* v. *Miller,* 240 Mich. 667 (55 A. L. R. 768, P. U. R. 1928 B, 369). But it was not discrimination to require the payment of a part of the cost by those who desired the extension (see *Antisdel* v. *Macatawa Resort Co.,* 243 Mich. 444 [P. U. R. 1928 E, 606]), even though there were others who might later benefit therefrom.

We do not find any evidence of discrimination and there being, therefore, no violation of the statute, the judgment is affirmed, with costs.

Wiest, C. J., and Butzel, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.