## NUECES COUNTY WATER IMPROVE-MENT DIST. NO. I v. SPRING.

### No. 11174.

Court of Civil Appeals of Texas. San Antonio.

May 13, 1942.

William H. Shireman and David M. Coover, both of Corpus Christi, for appellant.

Johns, McCampbell & Moller and Mc-Campbell & McCampbell, all of Corpus Christi, for appellee.

NORVELL, Justice.

Nueces County Water Improvement District No. One appeals from an order directing the issuance of a peremptory writ of mandamus commanding it to proceed forthwith to furnish water to appellee, J. E. Spring, to make proper connections with its water distribution system for such purpose, and to continue the furnishing of said water to appellee upon payment of the usual and customary charges for such service.

The controlling question involved is whether or not appellant's refusal to furnish water upon appellee's demand is legally justified by a contract between the water district and the City of Corpus Christi, under the terms of which the City sells water to the District, which in turn is distributed by the District for domestic use.

This contract contains provisions for the zoning as to use of territory lying outside the City, but within the District. According to the contract, the District is not to furnish water to persons making use of their property in a manner contrary to the zoning scheme or plan decided upon.

This case does not involve an attempt to regulate the use of property under the police power by means of a comprehensive zoning ordinance, and the question may be narrowed to an inquiry as to whether or not a public service corporation may refuse to deliver water to a person demanding the same because said individual has failed to comply with certain ideas or standards of property use, embodied in a contract between the public service corporation and another body corporate from which it receives its supply of water.

The fact that the contract here is between a municipality on one hand and a quasi-municipal corporation (a water district) on the other can make no difference in the legal situation, for, as above pointed out, no attempt was made to effect a zoning arrangement by an exercise of the governmental powers of the municipalities involved. The question of whether or not a water district may restrict particular uses of property within its boundaries to certain zones is not involved, nor is the power of the City to so restrict uses of property lying outside its corporate limits.

 Appellee admittedly desires to use his property for the purpose of maintaining a dog and cat hospital. Such use is neither illegal nor violative of any rule of public policy. This being true, appellant was not justified in its refusal to deliver water to appellee. It is well settled that "a public utility corporation can not refuse to render the service which it is authorized by its charter (or by law) to furnish, because of some collateral matter not related to that service." Annotations 55 A.L.R. 771; Allen v. Park Place Water, Light & Power Co., Tex.Civ.App., 266 S.W. 219; Ten Broek v. Miller, 240 Mich. 667, 216 N.W. 385, 55 A.L.R. 768.

The judgment of the trial court is affirmed.