## MOUNTAIN STATES TELEPHONE & TELEGRAPH CO. v. PUBLIC SERVICE COMMISSION OF UTAH

No. 6557. Decided March 17, 1944. (145 P. 2d, 790.)

W. Q. *Van Cott,* of Salt Lake City, and *Brock, Akolt & Campbell,* of Denver, Colorado, for plaintiff.

*Grover A. Giles,* Atty. Gen., *Clinton D. Vernon,* of Logan, *Warwick C. Lamoreaux,* of Salt Lake City, and *Frank B. Warren,* of New York City, for defendant.

WOLFE, Chief Justice.

The Commission commenced this proceeding to inquire into the reasonableness of the differences between the schedule of rates for intrastate toll service and the schedule for Long Lines interstate toll service. It found that the existing differences were unwarranted and discriminatory. It also found that there was no reasonable basis for any differences between the two schedules and ordered the schedule of intrastate rates reduced to the level of Long Lines rate. Mountain States objected to the new rate, not on the grounds that it was inherently unreasonable, but because it was based on evidence not calculated to show that it would be reasonable. Objection was also made that there was no substantial evidence to support the finding that there was no reasonable basis for any differences between the two schedules. We held that under Section 76-4-4, U. C. A. 1943, the Commission was required, after having found discrimination to exist, to find the just, reasonable or sufficient rates. Such a finding was made, but we held there was no substantial evidence to support it. We therefore set aside the order so reducing intrastate rates and remanded the matter for such further proceedings as the Commission deemed proper.

The Public Service Commission has upon several grounds petitioned this court to grant a rehearing. We are of the opinion that the petition should be denied. However, we

deem it advisable to comment further upon one proposition urged in support of the petition.

The Commission has from the beginning placed considerable emphasis upon the fact that this proceeding was instigated only to inquire into alleged discrimination. In approaching this phase of the case counsel for the Commission correctly states that, with reference to other rates, a rate may be unreasonably discriminatory and yet be a reasonable rate in and of itself—that both rate schedules herein involved may lie within the zone of reasonableness, yet the differences between the two rate schedules be unjust, unreasonable and discriminatory. It is urged that the inquiry was primarily directed toward the reasonableness of the differences not the inherent reasonableness of the rates. This approach was discussed by the United States Supreme Court in *American Express Co.* v. *State of South Dakota ex rel. Caldwell*, 244 U. S. 617, 37 S. Ct. 656. 660, 61 L. Ed. 1352. The court there stated that a finding that discrimination exists between two rate schedules does not necessarily imply a finding that either or both of the two schedules are inherently reasonable or unreasonable; that in such a situation "Both rates may lie within the zone of reasonableness and yet involve unjust discrimination. *Interstate Commerce Commission* v. *Baltimore & Ohio R. R. Co.*, 145 U. S. 263, 277, 12 S. Ct. 844, 36 L. Ed. 699. Proceedings to remove unjust discrimination are aimed directly only at the relation of rates." All discrimination cases are based upon the relationship of one rate to another. An inquiry into alleged discrimination need not necessarily deal with the inherent reasonableness of rates.

The Commission contends that in the event two rate schedules both lie within the zone of reasonableness or when there is no issue as to the reasonableness of the rates in question and yet when related one to the other, unreasonable discrimination is shown to exist, the Commission need not in making the adjustments determine whether or not the adjusted rate would be reasonable. That so long as the

order of the Commission does not purport to establish a new rate which is outside the zone of reasonableness, the Commission must be held to have regularly pursued its authority and the court should not set its order aside.

In applying these various concepts to the facts of this case the Commission points out that this proceeding was instigated to compare two rate schedules one with the other, to wit: to compare Long Lines interstate rate schedule with Mountain States intrastate schedule. No contention was made that either of these two schedules lay outside the zone of reasonableness. It is not therefore necessary to determine whether either or both of these schedules are within that zone for in the absence of such a contention we will not assume that the rates are inherently unreasonable. Inquiry disclosed that there were differences between these two schedules — Mountain States intrastate rates being considerably higher. The Commission concluded from the evidence adduced that the existing differences were unwarranted and discriminatory. We held that there was ample evidence to support this finding. In addition the Commission found that there was no reasonable basis for any differences between the two rate schedules; that any difference would be unwarranted and constitute discrimination. For the purpose of eliminating such discrimination the Commission ordered Mountain States to abolish all differences between the two rate schedules. On review we held that there was no substantial evidence from which the Commission could have found that the two rate schedules should have been the same. We, therefore, held that the Commission was arbitrary in ordering Mountain States to reduce its intrastate rates to the level of Long Lines interstate rates. This ruling should not, however, be construed as a holding that the Commission cannot abolish discrimination without inquiring into the inherent reasonableness of the reduced rate. Had there been substantial evidence to support the finding by the Commission that there was no reasonable basis for any

difference between these two schedules we would have been confronted with an entirely different problem. In that event all differences between the two schedules would have had to be eliminated in order to abolish the discrimination. We would then have a situation under which the evidence would sustain a finding that the schedules should be the same; that any difference then would constitute unwarranted discrimination. Mountain States voluntarily established the lower of the two rates We need not now decide whether under such circumstances the Commission could order the higher rate reduced to the level of the lower rate without inquiring into the inherent reasonableness of the said rate unless the utility specifically raised that issue.

At first blush this might seem to be in accordance with the argument put forward by counsel for the Commission. In the brief in support of rehearing he states,

"Certainly, however, where it appears that both rates are within the 'zone of reasonableness' or when there is no issue as to the reasonableness of the rates in question, there is no restriction upon what the Commission may do within that zone in adjusting the rates over which it has jurisdiction in order to eliminate discrimination found to exist."

The difficulty with the position taken by the Commission is that under the evidence it clearly appears that the order went beyond merely eliminating the discrimination. Said order not only eliminated the existing discrimination, it abolished all differences. The evidence adduced at the hearing not only fails to show that both rate schedules should have been the same, but it affirmatively shows that apparently some differential between the two rates would be justified. Under such circumstances it cannot be said that this rate order was merely an adjustment to eliminate discrimination. It went beyond that. It ordered said rates to be made the same as Long Lines rates when the evidence adduced indicates that there is a reasonable basis for Long Lines rates being the lower of the two. Hence the relationship of Mountain States intrastate rates to Long Lines

rates does not under the evidence submitted justify the full reduction made. Other than this relationship between the two schedules there is no evidence to justify any reduction in intrastate rates for there is no contention that existing rates are inherently unreasonable. This relationship does not, under the evidence, justify the reduction to the level of Long Lines rates. But the evidence does show that the existing intrastate rates are somewhat higher than this relationship with Long Lines rates would justify. Thus there is no evidence in the record to justify the extent of the reduction made.

The first prerequisite of a valid rate order by the Commission is that it be preceded by a hearing and findings. Common sense dictates that at such a hearing the legislature intended that there be evidence adduced which would be reasonably calculated to resolve the issues presented for determination. Common sense likewise requires a holding that the findings required by statute be made in accordance with the evidence so presented. If there is no substantial evidence to support an essential finding, that finding cannot stand and a rate order predicated upon it must fall. The rate order requiring the reduction of intrastate rates to the level of Long Lines rates is not based upon any evidence calculated to show that existing intrastate rates were inherently unreasonable. The reduction was ordered solely because the Commission found that unless intrastate rates and Long Lines rates were made the same, unwarranted discrimination would continue to exist. There is no substantial evidence to support this finding. The order based upon it, therefore, cannot stand.

Rehearing denied.

McDONOUGH and WADE, JJ., concur.

LARSON, Justice (dissenting).

The briefs on petition for rehearing and the opinion of the court denying rehearing have raised in my mind serious

doubts as to a number of matters in the original opinion. I therefore think the opinion should be set aside and a rehearing granted.

MOFFAT, J., participated in the original opinion but was, before consideration of the petition for rehearing, deceased.