MOUNTAIN STATES TELEPHONE & TELEGRAPH CO. v. PUBLIC SERVICE COMMISSION et al.

No. 6724. Decided May 24, 1945. (158 P. 2d 935.)

See 21 C. J. S. Courts, Sec. 464; 34 Am. Jur. 907.

For former opinion, see 107 Utah 502, 155 P. 2d 184.

. *W. Q. Van Cott*, of Salt Lake City (*Brock, Akolt & Campbell*, of Denver, Colo., of counsel), for plaintiff.

*Clinton D. Vernon*, of Logan, for defendant.

McDONOUGH, Justice.

Defendants have applied for rehearing in this case which is reported in 107 Utah 502, 155 P. 2d 184. They urge that irrespective of the fact that we set aside the order of the Public Service Commission in the cast of *Mountain States Telephone & Telegraph Co.* v. *Public Service Commission et al.*, 105 Utah 230, 142 P. 2d 873, opinion on rehearing 105 Utah 266, 145 P. 2d 790, mandamus does not lie in this case for the reason that the moneys impounded were so impounded pursuant to an order of this court and not by reason of any action of the commission. Plaintiff utility's position is that while there was an order of this court impounding the funds, they were impounded in the joint names of the commission and the company, and that the decision of this court on certiorari operated not merely to set aside the rate order of the commission, but also amounted to a determination that there were no overcharges, and that since the impounded funds were alleged overcharges, the court determined that such funds belonged to the company, and hence it was the duty of the commission to release all claims thereto so as to permit their withdrawal by the company.

On application for writ of mandate we did hold that the prior decision determined that there were no overcharges made since the order of the commission reducing rates was not a valid order. We also held that since the funds were impounded in the joint names of the utility and the commission in a bank acting as a depository, the commission had no right to have such funds there held to await some future decision on some other order of the commission which might be entered affecting the rates. It is true that in our original decision we did not expressly order release of the impounded funds, and that had proper applica-

tion been made therefore on rehearing, this court might doubtless have granted such an order, even if the decision in effect operated to terminate the order directing the impounding of the funds. The objective of the procedure in this court is to make final disposition of the matter insofar as it is within the power of this court to do so, within the limits of the scope of review and the jurisdiction conferred upon this court.

While such application might have been made, the allegations of the petition for a writ of mandate sufficiently show that ownership of the fund was determined by a prior decision of this court by force and effect of the order setting aside the rate order. The question was fully briefed and argued, and we determined that the fund belonged to the company, and that the commission had no right to refuse to release the same as a joint depositor. The commission not having any right to the fund, and it being the duty of the commission under the statute when its order was set aside by decision of this court on certiorari, to release claim upon the fund, we issued the writ of mandate.

We are not persuaded that the issuance of the writ under such circumstances in effect enlarges the scope of such writ, nor that such action sets a precedent such as to invite determination of questions of ownership of property by its use.

True, the fund was impounded by order of this court and not by the commission. Technically, therefore, we should perhaps have entered an order releasing the impounded fund to the utility company, rather than issue a mandate directing the commission to do so. But since the mandate has the effect of accomplishing the same result, we see no purpose to be served by a rehearing on that matter.

While ordinarily the duty of an officer or tribunal must be clear and positive before mandamus will lie to compel an act constituting performance of such duty, in this case there were questions of law and procedure which did not become clear and positive until we interpreted the decision

rendered on certiorari in the light of applicable statutes. The commission has amply protected the interests of the state and of the ratepayers by opposing the proceedings on the part of the utility.

Rehearing denied.

LARSON, C. J., and TURNER, WADE, and WOLFE, JJ., concur.