320 P.2d 1107

Robert L. McMULLIN, Phyllis B. McMullin, and McMullin Construction Company, Inc., Plaintiffs,

v.

PUBLIC SERVICE COMMISSION OF UTAH, and Union and Jordan Irrigation Company, Defendants.

No. 8660.

Supreme Court of Utah.

Feb. 3, 1958.

Robert B. Hansen, Calvin L. Rampton, Salt Lake City, for plaintiffs.

E. R. Callister, Atty. Gen., Gary L. Theurer, Asst. Atty. Gen., Marr, Wilkins & Cannon, Salt Lake City, for defendants.

CROCKETT, Justice.

R. L. McMullin seeks to compel the Union and Jordan Irrigation Company, hereinafter referred to as the Water Company, to furnish culinary water to a proposed subdivision on property he purchased at about 3rd East and 6800 South in Salt Lake County. His petition to that purpose was denied by the Public Service Commission on the ground that the property was beyond the service area of the Water Company; and that to furnish water to the new area would imperil present and future service.

The Water Company was incorporated in 1895 for the stated purpose of "distributing irrigation water to its stockholders." There has been no change in its articles except to

extend the life of the corporation. It has never been issued a Certificate of Convenience and Necessity as a public utility, but in actual practice has expanded into that field. In 1916 it constructed a pipeline for the purpose of serving culinary water to its stockholders within a given area located just south of plaintiff's proposed subdivision. It has since continued so to do for which purpose it has set apart 1.5 c.f.s. (cubic feet per second) of water. In connection with such service it has submitted itself to the Public Utilities Commission (now Public Service Commission) for the purpose of establishing rates; and has filed its financial statements, annual reports and otherwise generally submitted to the law and regulations pertaining to such public utilities. In 1946, at the request of the Commission, it filed a map showing its water system and the area within which it offered culinary water service to the public.

No issue is here presented as to whether the defendant Water Company has become a public utility by conduct or by estoppel. It concedes for the purpose of this case that it has the recognized obligations of a public utility, including the duty to reasonably and adequately provide for the present, and to plan for the future, needs of the public in its territory. Its position here is that this responsibility is only within the area it is presently committed to serve as designated in the map on file with the Commission.

Plaintiff's primary argument is that the exact boundaries of the service area of the water company are uncertain, and that it is obliged to serve his property because it should be considered as "reasonably within the service area." This nebulous phrase is imported into the proceeding from a prior case before the Commission: Brady, et al. v. Union and Jordan Irrigation Company [1] in which the plaintiff represents to us that the Commission directed this defendant to extend its service to a certain area adjacent to that in which the Company offers its service to the public; while defendant relies on another such proceeding wherein the Commission ruled contrariwise. Whatever the position taken by the Commission in the Brady case, it is, of course, not binding here. Nor is it the view taken by the Commission in regard to the instant problem.

In support of plaintiff's claim that his property is "reasonably within" the Water Company's service area he purports to demonstrate that there is some question as to the exact location of the northern boundary of the Water Company's service area. Dispute about the matter is set at rest by the Commission's finding that plaintiff's property is not within that area, which finds support in the evidence.

A further obstacle to plaintiff's objective is the fact that the Commission

---

1. Brady et al. v. Union and Jordan Irrigation Company: P.S.C. Investigation Docket #61.

further found that the Company did not have sufficient water to provide for the present and future needs within the area if it commences supplying homes beyond it. At the time of the hearing the Company had in excess of 1,000 customers who used the entire 1.5 c.f.s. of water and more during the hot weather. Even though it has a storage facility of one-half million gallons to equalize the use with periods of a lesser withdrawal, there was also testimony that the service area to which the Water Company is already committed to serve has a potential of up to 6,000 additional homes. There is thus justification for apprehension, as indicated by the Commission, that the inclusion of new territory in the Water Company's service area would imperil adequate and proper service within the locality now covered, and that prudent management of the water which the company has dedicated to culinary uses would dictate no further extension lest the available supply be spread so thin that there would not be satisfactory service for anyone.

■ In our state water is extremely scarce in supply and the principal limiting factor to growth and development. While new water can sometimes be discovered, developed and put to use, it cannot, for the present at least, be created. While it may be, that under proper circumstances, the Utility should be required to initiate measures to augment its supply, even by condemnation if necessary, such measures are certainly not mandatory upon it to extend its service to new territory. The fact that population is constantly increasing while water resources remain static obviously poses problems of steadily increasing intensity. The view here taken by the Commission is quite consistent with its purpose and responsibility of supervising the use of culinary water so that it will be neither wasted nor misused and that it will be so allocated that there will be satisfactory, adequate and continuous service to the portion of the public the Utility is undertaking to serve.

Plaintiff essays to establish that the Water Company is now estopped to refuse service to the plaintiff, grounded upon alleged representations by Frank Pierson, Secretary of the Company, epitomized by a letter to the State Board of Health, stating in relation to the plaintiff's property, "This territory is within the boundaries of the area we have a franchise to serve. We feel we can adequately serve * * * [it] * * * We hereby submit his application."

■■ There is answer twofold to this postulated estoppel. The first is found in the fact that the Water Company could not, even by formal contract, have extended its service beyond its designated area without the approval of the Public Service Commission. A moment's reflection makes plain that if the Water Company, or any other public utility, could obligate itself by es-

toppel to spread its services beyond its committed area, a means would exist to circumvent the supervisory control of the Public Service Commission and its purposes would be defeated. In view of the policy behind such regulations and the public interest therein, the doctrine of estoppel would not apply under such circumstances. The other answer is that no estoppel was made out in any event. The indications are that the plaintiff was at all times aware that the water service he sought could not be made available except upon approval by the Public Service Commission. Thus he could not have reasonably relied and acted upon any such assurance, an essential to estoppel.[2]

The issues of fact upon which plaintiff's contentions rest, both as to being within the Water Company's service area and as to estoppel, were rejected by the Commission and such issues resolved adversely to him which could be disturbed only if the Commission had acted arbitrarily, capriciously or unreasonably.[3] No such circumstance exists here because there is reasonable basis in the evidence for the determination made by the Commission.

Affirmed. Costs to defendants.

McDONOUGH, C. J., and WORTHEN, WADE and HENRIOD, JJ., concur.

2. Easton v. Wycoff, 4 Utah 2d 386, 295 P.2d 332, 334.

3. For discussion of scope of review of order of Public Service Commission, see Uintah Freight Lines v. Public Service Comm., 119 Utah 491, 229 P.2d 675.