510 P.2d 927

**BARTON TRUCK LINE, INC.,**
Plaintiff,

v.

**PUBLIC SERVICE COMMISSION of Utah**
et al., Defendants.

No. 13031.

Supreme Court of Utah.

May 21, 1973.

Richards & Richards, William S. Richards, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., G. Blaine Davis, Asst. Atty. Gen., Harry D. Pugsley, Salt Lake City, for defendants.

TUCKETT, Justice:

The plaintiff is here seeking a review of an order of the Public Service Commission granting Certified Warehouse & Transfer Company a certificate of public convenience and necessity to operate as a common carrier by motor vehicle for the transportation of commodities usually sold by grocery stores.

The principal business of Certified is that of warehousing food and related grocery store items at its business location in Salt Lake City, Utah. Certified also has a certificate authorizing it to transport general commodities between its warehouse and points and places within Salt Lake County. Certified applied to the Commission for additional authority to permit it to transport commodities from its warehouse in Salt Lake City to warehouses in Layton, Utah. The hearing was had before the Commission in February, 1972, and at that hearing the plaintiff, Barton Truck Line, Inc., appeared as protestant. On

June 1, 1972, the Commission issued its report and order wherein it concluded that public convenience and necessity did not require the service proposed and denied the application. On June 13, 1972, Certified requested a rehearing which was granted on June 15, 1972. A new hearing was had on June 26, 1972, and on August 10, 1972, the Commission granted Certified authority to transport commodities usually sold in grocery stores from its warehouse in Salt Lake City to Smith's warehouse in Layton, Utah.

As a part of its finding the Commission found that existing carriers could provide adequate service in terms of dependability, equipment and schedules. However, the Commission also found that Certified as a warehouseman could coordinate and more efficiently handle the products stored by it for shipment to Layton than could another common carrier. It also found that the costs of service in less than truckload movements are prohibitive for general shipments of the commodities and would constitute an embargo.

After consideration of the record we are of the opinion that the facts do not support the Commission's conclusion that additional service is necessary or that it would be in the public interest. If Certified in its capacity as warehousemen ap-

plied the same skill, know-how and efficiency in the assembling and preparation of shipments of the commodities the shipments could be as efficiently and expeditiously transported by existing common carriers as by its own conveyances. The desire of a shipper for a reduced rate is not sufficient in and of itself to show the necessity for the additional service.[1] The record shows that no shipper attempted to negotiate with Barton or other common carriers for a reduced rate or that any attempts were made to induce the carriers to publish lower rates. The evidence does not show that Barton or other common carriers intended to forego rendering the service here involved so as to show that there was an embargo against the shipments. It should be noted that the Commission has the duty to supervise and regulate all common carriers and to fix, alter, regulate and determine just, fair, reasonable and sufficient rates, fares, charges and classifications. Certified could have proceeded under the appropriate statute to have the Commission determine an appropriate rate for the shipment of the commodities in question.

We are of the opinion that the record does not support the Commission's conclusion that public convenience and necessity require the service applied for by Certified and the decision of the Commission

1. Carl Gubler Trucking, Inc., Extension. Southern States 77 MCC 707.

is arbitrary and capricious and the same is reversed.[2]

CALLISTER, C. J., and HENRIOD, J., concur.

ELLETT and CROCKETT, JJ., dissent.

2. Lake Shore Motor Coach Lines, Inc. v. Bennett, 8 Utah 2d 293, 333 P.2d 1061; Prichard Transfer, Inc. v. W. S. Hatch Co., 21 Utah 2d 106, 441 P.2d 135.