510 P.2d 919

**INTERWEST CORPORATION, a corporation, Plaintiff,**

**v.**

**The PUBLIC SERVICE COMMISSION of Utah, et al., Defendants.**

No. 13092.

Supreme Court of Utah.

May 30, 1973.

Ray G. Marteneau and Charles L. Maak, of VanCott, Bagley, Cornwall & McCarthy, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., G. Blaine Davis, Asst. Atty. Gen., Kent B.

Linebaugh, Edward Clyde and Frank Allen, Salt Lake City, for defendants.

TUCKETT, Justice:

Original proceedings were filed in this court to review a decision of the Public Service Commission of Utah. The plaintiff petitioned the Commission for an order compelling Terra Utilities, Inc., to supply water required for a condominium building project contemplated by the plaintiff.

Prior to 1969 Terracor commenced a development of a community to be known as "Bloomington" lying some three miles south of the city of St. George, Utah. The development planned by Terracor contemplated the construction of one-family dwellings, as well as erection of condominiums on other parts of the tract. In pursuing its plan Terracor built roads, a water supply system, and a sewage disposal system. In addition thereto Terracor established a golf course, tennis courts, a swimming pool, a club house, and riding facilities. The plan of Terracor was to recoup the expenses involved in the development and to eventually realize a profit from the sale of lots and housing. A contract was entered into between the city of St. George and Terracor whereby the city agreed to sell surplus waters to supply the culinary requirements of the Bloomington development.

In the year 1969 Terra Utilities, Inc., was formed as a wholly owned corporation by Terracor. Terracor owned all of the shares of stock of Terra Utilities, with interlocking directors. Terracor conveyed to Terra Utilities the water and sewer systems it had established in the development. Thereafter Terra Utilities applied to the Public Service Commission for a certificate of convenience and necessity to operate as a public utility. The Commission granted the certificate as prayed for.

The plaintiff purchased a tract of land in the vicinity of Bloomington and commenced preparation to construct condominium residential housing. In the latter part of 1971 the plaintiff applied to Terra Utilities for water to be supplied from its system. The plaintiff requested the utility to supply 19,000 gallons per day but the Utility declined to supply more than 9,600 gallons per day. Terra Utilities does not claim that its supply of water is insufficient to supply the request of the plaintiff but, rather, that its parent corporation Terracor in the sale of its lots which had been completed and the offers to sell the remaining lots provided that culinary water would be available to each lot to be supplied by a company regulated by the Public Service Commission. Only a small portion of the total lots have been sold. During the course of the development Terracor made representations to state and federal agencies confirming the fact that water would be supplied for the lots offered for sale. The ordinances of Washington County require

an assured supply of water prior to subdivision approval. The county also required that the water supply be approved by the State Department of Health.

It is the contention of the defendants Terra Utilities and Terracor that the representations made by Terracor in its offers to sell and the approvals secured from various governmental agencies has the effect of allocating water to each of the lots in Terracor's development and that it only has 9,600 gallons per day over and above these prior allocations to supply the plaintiff's needs.

The Commission did not find that a system of allocation has been established but it elected to treat the matter as though a system of allocations or priorities had in fact been made. The pertinent part of the Commission's conclusion in respect thereto is set forth as follows:

It seems appropriate to this Commission, in view of the facts and circumstances of this case, and in view of the numerous members of the public who have purchased lots with the hope of one day building thereon and upon representations made that culinary water is available therefor, that it is in the best public interest that this Commission conclude that the water source available to Terra Utilities, Inc., was allocated to the various subdivisions at the time the Division of Health of the State of Utah approved

of the water source represented by the developer and the public utility to be available to each proposed subdivision.

The Commission then issued its order which provides in part as follows:

Terra Utilities, Inc., shall make available to complainant, Interwest Corporation, 9,600 gallons of culinary water per day immediately upon Interwest's request therefor, providing Interwest has complied with all of the requirements contained in Terra Utilities tariffs on file with this Commission.

All additional water sources acquired by Terra Utilities, Inc., shall be allocated on the basis of the priorities established by the date of the preliminary approval by Washington County Planning Board of development plans requiring water in excess of that already allocated to the land on which the proposed development will be located.

The Public Service Commission was created by the legislature and charged with the general duties of regulating public utilities. The Commission can only exercise those powers granted by the legislature. We find no statute, nor has our attention been called to any statute, which authorizes the Commission to set up a system of priorities or allocations for the use of water on a territorial basis as was done in this case. The Commission is authorized to regulate water companies and the services

of those companies rendered to their customers so that there is no discrimination.[1]

The record is this case indicates that the supply of water available to Terra Utilities is adequate to supply the users now connected with the system and those who are about to become users, including the use and supply of water requested by the plaintiff. Even though the developments planned by the defendant Terracor and the plaintiff contemplate some density of population, at the present time the area is only sparsely inhabited. We do not have a problem where population has outstripped the water supply.

We are of the opinion that the Commission exercised a power beyond that granted to it by the legislature and that its order is without force or effect.[2] The decision of the Commission is reversed. No costs awarded.

CALLISTER, C. J., and HENRIOD, J., concur.

CROCKETT, Justice (concurring in part, dissenting in part):

I am in accord with the conclusion of the main opinion that in purporting to fix priorities of water for the parties the Commission appears to have gone beyond its proper prerogatives in certain particulars. However, I have some apprehension as to what will be the consequence of this court's decision in simply reversing the Commission's action without further explanation of its intended effect. It seems quite likely that Interwest would contend that because it prevailed in this court, the Commission is now obliged to grant its petition to enter an order commanding Terra Utilities to supply the requested 19,000 gallons of water per day for the use of the Interwest condominium; and this presumably for the indefinite future. For the Commission to do so would result in the very evil which the decision seems designed to prevent. I therefore think it should be made as plain as possible that the decision of this court should not be understood as so commanding the Public Service Commission.

It should be kept clearly in mind that this proceeding is at bottom a dispute between defendant Terracor and plaintiff Intewest, both land developers in the service area which Terra Utilities is certificated and obliged to serve. The issue presented to the Commission was to overrule Terra Utilities' refusal and to compel it to commit to Interwest the requested 19,000 gal-

---

1. Allen v. Park Place Water, Light & Power Co., 266 S.W. 219 (Tex.Civ.App.); Nueces County Water Imp. Dist. No. 1 v. Spring, 139 Tex. 297, 162 S.W.2d 155.

2. Salt Lake City v. Utah Light & Traction Co., 52 Utah 210, 173 P. 556.

lons of water per day for the latter's condominium.

It is true that the Public Service Commission is granted general powers to "supervise and regulate" public utilities.[1] But as the main opinion indicates, it can only exercise such powers as are conferred upon it by statute; and moreover, its powers do not extend and should not be so exercised as to unduly intrude into the management of utilities. The matter of management, which necessarily includes both present and future planning, is in the first instance the prerogative and the responsibility of the utility itself; and the Public Service Commission should not interfere with such management unless something is shown which is inimical to the interests of the public, or that there is unfairness, favoritism or discrimination in the treatment of customers. And a fortiori, this court should not compel the Commission to intrude into the affairs of management unless it would be for the purpose of correcting some such impropriety.

It is important to point out that none of the contesting companies, neither Terra

Utilities nor Terracor nor Interwest actually owns any water. The water available to them is simply the contingent right to use surplus water of St. George City. This may diminish or abort for various reasons, including growth and development within St. George, and/or climatic conditions, so that the waters in controversy may only be available in lesser quantities, or mayhap not at all. Reflection will indicate what difficulties could then arise if Terra Utilities were under an order of the Commission to supply 19,000 gallons per day to Interwest. The obligation of the utility would be to furnish available water to all customers in the service area on an equal and non-discriminatory basis. If under the circumstances shown here, there was impropriety in permitting Terra Utilities to commit a definite amount of its available water to protect the development of Terracor, there also would be impropriety in the Commission committing a definite amount of water for the indefinite future to protect the development of Interwest.

This court passed on a somewhat similar problem in the case of McMullin v. Public

---

1. Sec. 54–4–1, U.C.A.1953, confers upon the Commission power to ". . . supervise and regulate every public utility in this state . . ."; Sec. 54–4–7, U.C.A.1953, provides that "Whenever the Commission shall find . . . that . . . practices . . . or service of any public utility, or the methods of . . . distribution . . . are unjust, reasonable . . . the Commission shall determine the just, reasonable . . . practices . . . service or methods . . . and shall fix the same by its order . . ."; Further, Sec. 54–4–18, U.C.A.1953, provides that "The Commission shall have power . . . to ascertain and fix . . . (the) service to be furnished . . . by all . . . water corporations."

Service Commission.[2] It upheld the action of the Commission in refusing to order the utility to furnish water to a proposed subdivision based upon the proposition that, although it was shown that the water company had presently available water, its plans to serve the potential in its already committed service area would suffer if the proposed new service was granted. The court said:

> The view here taken by the Commission is quite consistent with its purpose and responsibility of supervising the use of culinary water so that . . . there will be satisfactory, adequate, and continuous service to the portion of the public the Utility is undertaking to serve.

Other jurisdictions have taken a similar view. In Filger v. Public Water Supply Dist. No. 1 of Clay County,[3] the Missouri Court said that a Water District did not have an absolute duty to commit to all the inhabitants of the district with the amount of water requested, but in the exercise of its discretion could refuse to furnish it in the quantity requested so long as such action is not arbitrary or discriminatory.

As indicated at the outset, I agree that with respect to certain aspects of the Commission's order, the main opinion's conclusion is correct "that the Commission exercised a power beyond that granted to it by the legislature . . ." However, with respect to the particular part of the order which plaintiff Interwest seeks to have this court overturn and that Terra Utilities be directed to commit a definite amount of 19,000 gallons of water per day, my view is different. In that regard it is to be observed that instead of "exercising a power" the Commission refused to "exercise a power," and refused to grant that request. For the reasons herein stated, it is my opinion that the Commission was under no obligation to grant that request; and further, that there is no basis upon which we can properly say that the Commission acted capriciously and arbitrarily in refusing to do so.

ELLETT, J., concurs in the views expressed in the opinion of CROCKETT, J.

2. 7 Utah 2d 157, 320 P.2d 1107, 1109 (1958). See also North Salt Lake v. St. Joseph Water & Irr. Co., 118 Utah 600, 223 P.2d 577 (1950).

3. 346 S.W.2d 567, 573 (Mo.App.1961).