512 P.2d 1327

**SILVER BEEHIVE TELEPHONE CO., INC., Plaintiff,**

**v.**

**PUBLIC SERVICE COMMISSION of Utah, Donald Hacking, Chairman, Defendant.**

**No. 12597.**

Supreme Court of Utah.

July 31, 1973.

Omer J. Call, Brigham City, for plaintiff.

Vernon B. Romney, Atty. Gen., G. Blaine Davis, Asst. Atty. Gen., Salt Lake City, for defendant.

CROCKETT, Justice:

Silver Beehive Telephone Company is certificated to serve a sparsely settled area in northwestern Box Elder County, including the towns of Grouse Creek and Park Valley in each of which there are about 30 potential telephone users.[1] Pursuant to proceedings referred to below, the Public Service Commission revoked its authority effective September 30, 1971. Silver Beehive asks this court to reinstate its authority.[2]

Silver Beehive's certificate of convenience and necessity was issued on May 3, 1967. It has undertaken to establish facilities and render telephone service in that area. There is no indication of any undue difficulties or complaints at Grouse Creek. The service there was found to be satisfactory. But the residents of Park Valley requested the Public Service Commission to investigate and attempt to improve their telephone service. One of the Commission's staff made an inspection of the system. In his report he listed certain deficiencies and made recommendations.

After a hearing the Commission issued an order on February 26, 1970, that the plaintiff complete and improve the necessary facilities for telephone service at Park Valley. In September 1970 the Commission issued an order to show cause why plaintiff had not complied with the previous order, and after further proceedings and extensions, another hearing was held in April 1971. Consequent thereto, the Commission issued an order effective September 30, 1971, revoking the plaintiff's certificate of authority to operate.

In analyzing the problem here presented, it is to be recognized that as in many controversies, it may be that there is no completely satisfactory solution. It is necessary to examine the various factors involved, and to weigh the alternatives to ascertain which one will best serve the desired objective.

The rationale upon which the Commission proceeded in revoking plaintiff's authority seems to have been a punitive attempt to compel it to bring its service up to standards desired by some of the customers and by the Commission. It may be that under some circumstances punitive measures would be appropriate. If in rendering a public service a utility is guilty of faults or abuses that cause some real hazard to the health, safety or welfare of the public, it would undoubtedly be justified in ordering in the alternative, the rectification of the fault or revocation of the authority to serve. However, that is not the situation here.

1. Certificate of convenience and necessity as authorized by Sec. 54-4-25, U.C.A. 1953.

2. Review authorized by Sec. 54-7-16, U.C.A.1953.

It is not to be disputed that the plaintiff has attempted to establish a telephone system with limited finances, nor that the telephone lines, equipment and service leave something to be desired. Neither is there any question that there should be continuing efforts to improve them, nor that the Commission should use its authority in any proper way to see that that objective is pursued. On the other hand, it seems important that the plaintiff appears to be attempting to develop its telephone system in the most practical and economical way it can; and more important, that it is the only telephone service being offered in that locality, or that is likely to be, insofar as anything is shown in this record. There is thus presented a "Hobson's choice" situation, between the service rendered by the plaintiff, with continuing efforts being made to improve the same, or no service at all.

There is no indication that the plaintiff has shown a disposition to be uncooperative or contumacious. Rather, it appears to have manifested an attitude of desiring to cooperate and comply with the Commission's requirements. Its evidence and its contentions are to the effect that it has been doing its best to improve the system and the service; and that it had at least achieved a substantial compliance with the previous order. It particularly complains of the conduct of the Commission in granting it extensions of time and encouraging it to install facilities for service at Park Valley, then when the system was put into operation, canceling its authority.

We are cognizant of the prerogatives of the Commission in general supervision of public utility services, and of its presumed expertise in doing so.[3] Nevertheless, inasmuch as the Public Utilities Act provides for an appeal to this court, it must be assumed that it was not intended to be merely perfunctory, but was intended to be a substantial and meaningful review for the purpose of giving correction and guidance when it appears that the actions of the Commission are so clearly inconsistent with its purpose of regulating utilities on behalf of the public interest and the utility involved that they transgress the tolerable limits of reason.[4]

Under the circumstances shown in this record, and in the light of what we have said herein, we can see no reasonable way of reconciling the order eliminating the authority for the only telephone service in the area with the responsibility of the Commission to see that there is available to the public the best possible and most economical telephone service. Accordingly, we are impelled to the conclusion that the

3. Uintah Freightways v. Public Service Comm., 15 Utah 2d 221, 390 P.2d 238; Goodrich v. Public Service Comm., 114 Utah 296, 198 P.2d 975.

4. See statement in Williams v. Public Service Comm., 29 Utah 2d 9, 504 P.2d 34, and authorities therein cited in footnotes 2 and 5 of that case.

order of the Commission should be vacated.[5] No costs awarded.

CALLISTER, C. J., and ELLETT and TUCKETT, JJ., concur.

HENRIOD, J., concurs in the result.

5. That when the Commission has acted beyond the powers granted it should be reversed see Salt Lake City v. Utah Light & Traction Co., 52 Utah 210, 173 P. 556; Interwest Corp. v. Public Service Comm., 29 Utah 2d 380, 510 P.2d 919; and also if its action is capricious and arbitrary, Barton Truck Line, Inc., v. Public Service Comm., 29 Utah 2d 392, 510 P.2d 927, and authorities therein cited.