UTAH STATE BOARD OF
REGENTS, Plaintiff,

v.

UTAH PUBLIC SERVICE COMMISSION,
Milly O. Bernard, Chairman, Olof E.
Zundel, Commissioner, and Joseph C.
Foley, Commissioner, Defendants.

No. 15180.

Supreme Court of Utah.

Aug. 7, 1978.

Robert B. Hansen, Atty. Gen., James
L. Barker, Jr., Brinton R. Burbidge, Asst.
Attys. Gen., Salt Lake City, for plaintiff.

Sidney G. Baucom, Salt Lake City, for defendants.

HALL, Justice.

This is a proceeding to review the February 28, 1977, order of the Public Service
Commission (hereinafter "Commission") authorizing an $11,833,000 increase in rates
for electrical energy sold by Utah Power
and Light Company (hereinafter "Utah
Power").

Utah Power filed the application in question on December 30, 1976, requesting implementation of the Commission's prior order of March 4, 1976, wherein it authorized
the inclusion of construction work in
progress (CWIP) in the rate base and normalization of the tax effect of accelerated
depreciation methods for income tax purposes (normalization). The order also set
the return on rate base at 10.71 percent and
recognized that a 16 percent return on equity was reasonable.

Pursuant to its pre-hearing order, the Commission limited the presentation of evidence to "the dollar amount only relating to construction work in progress and normalized accounting." The Commission denied the various motions of the Utah State Board of Regents (hereinafter "Board") made to expand the scope of the hearing to include the issues of rate of return on rate base and equity, together with the issue of whether or not CWIP should be allowed at all.

Utah Power basically limited its testimony to the dollar amount of CWIP and normalization and the Commission did not permit the Board to cross-examine the witnesses on the subject of rate of return, sustaining Utah Power's objections on the ground that this was not a rate of return case and testimony pertaining thereto was irrelevant. Later in the proceedings, Utah Power did offer some rate of return evidence in the form of exhibits which computed the applied for rate increase on a 10.82 percent rate of return. The exhibits were accepted over the objections of the Board.

During the proceedings, Utah Power moved that administrative notice be taken of the March 4, 1976, order and the Commission did so. At the close of Utah Power's case, the Commission again noted that it had taken notice of the prior order. Subsequently, in its findings, the Commission determined that Utah Power's evidence did not justify its claimed need for a 10.82 percent return on rate base; rather, it applied the 10.71 percent return provided for in its prior order of March 4, 1976, which it deemed to be presently in effect and reasonable.

The Board contends that the Commission's order is not based upon competent evidence, but solely upon a rate of return established in a prior proceeding. It further contends the passage of time alone (approximately one year) dictates that the rate of return be redetermined as well as

the propriety of including CWIP in the rate base.

Utah Power, on the other hand, contends that the Commission was within its authority to rely on its prior determination of rate of return, without taking new evidence thereon, and that said determination is res judicata (no appeal having been taken therefrom).

The question thus presented for our resolution is whether or not the Commission exceeded its authority in refusing to expand the scope of the hearing.

The scope of our review is limited by statute to a determination as to whether the Commission has regularly pursued its authority and its findings and conclusions on questions of fact are final and not subject to review.[1] We cannot substitute our judgment for that of the Commission when there is substantial basis in the evidence to support its findings and its order is not unreasonable or arbitrary.[2] However, as was stated in *Silver Beehive Tel. Co. v. Public Service Commission,*[3] our review is not merely perfunctory:

> We are cognizant of the prerogatives of the Commission in general supervision of public utility services, and of its presumed expertise in doing so. Nevertheless, in as much as the Public Utilities Act provides for an appeal to this court, it must be assumed that it was not intended to be merely perfunctory, but was intended to be a *substantial and meaningful review for the purpose of giving correction and guidance when it appears that the actions of the Commission are so clearly inconsistent with its purpose of regulating utilities on behalf of the public interest and the utility involved that they transgress the tolerable limits of reason.* [Emphasis added, citations omitted.]

The statutory function of the Commission in rate cases is to conduct hearings for the purpose of determining the propriety of the rates proposed and to es-

1. U.C.A., 1953, 54–7–16.

2. *Utah Light and Traction Co. v. Public Service Commission,* 101 Utah 99, 118 P.2d 683 (1941).

3. 30 Utah 2d 44, 512 P.2d 1327 (1973).

tablish such rates as are just and reasonable.[4] The Commission may at any time thereafter, upon notice and hearing, rescind, alter or amend any order or decision made by it.[5]

Viewing the actions of the Commission in the light of the foregoing concepts, we are compelled to conclude that it in fact exceeded its authority. The content of paragraph 3 of its Findings of Fact is illustrative of the impropriety of the order complained of. That paragraph reads as follows:

\*    \*    \*    \*    \*    \*

3. *Utah Power presented testimony and evidence as to its present embedded costs and showed an appropriate return on rate base as being 10.82%.* That is the percentage which Utah Power proposes be the appropriate return on rate base in its current rate application on which hearings have been scheduled. *The return on rate base which this Commission has allowed and which is presently in effect for Utah Power through the Order of this Commission in March of 1976, of which we have taken administrative notice, is 10.71%.* Although Applicant in the instant application as the case proceeds to full hearing may be able to justify the 10.82% to which its witnesses have testified, such justification has not been fully made in this proceeding up to this point however. Therefore, for the purposes of construction work in progress *we find it reasonable that the 10.71% as already justified and ordered by this Commission, is the appropriate return on rate base for the construction work in progress on which this Order is based.* [Emphasis added.]

It is to be observed from the foregoing findings that the Commission: (1) recognized rate of return as an issue to be reckoned with; (2) further recognized the need for competent evidence to support the rate of return and, for a lack thereof, declined to increase the rate to 10.82 percent as urged by Utah Power; (3) permitted Utah Power to present evidence of a need to increase rate of return, contrary to its earlier order limiting the scope of the hearing so as to preclude any direct evidence or cross-examination on *increase* or *decrease* of rate of return; and, (4) chose to find it "reasonable" to adopt the 10.71 percent rate of return since it had already been "justified and ordered."

█ The Commission's adoption of a nearly one-year old prior determination of rate of return inferring "we have already decided that issue" is deemed to be an abuse of authority. It was incumbent upon the Commission, in the face of a direct challenge to the present propriety of its prior determination of a 10.71 percent rate of return, to relate the same to financial conditions now existing and make an independent judgment thereon. Such, of course, necessitates the taking of evidence, after which the Commission may well conclude that circumstances remain unchanged since the prior order. However, to totally ignore the possibility of significant changes of circumstances, or to assume there has been none, must be viewed as error.

█ In regard to the contention of Utah Power that the order of March 4, 1976, is res judicata and hence not assailable, we conclude that that doctrine has no application to the facts of this matter. By their very nature, public utility rates are inescapably subject to constant circumspection and justification. The Commission is charged with the responsibility of establishing rates as are "just and reasonable" and the propriety of such rates is forever subject to challenge upon complaint by interested parties who are entitled to a hearing and to introduce evidence.[6] The Commission may also initiate a hearing on its own without complaint,[7] and it may at any time rescind or amend orders.[8]

The foregoing is not to be taken as all-encompassing as to all fact situations for we

4. U.C.A., 1953, 54–7–12.

5. U.C.A., 1953, 54–7–13.

6. U.C.A., 1953, 54–7–10.

7. Supra, footnote 4.

8. Supra, footnote 5.

do recognize the desirability and practicability of the finality of orders. For example, had there been only a lapse of days or weeks since the date of the order and the challenge to its present propriety, it is foreseeable that the Commission might reasonably have turned a deaf ear thereto.

Turning now to the matter of CWIP, its inclusion in the rate base by the 1976 order is no more res judicata as to the consumer than is the 10.71 percent rate of return also contained therein res judicata as to Utah Power. Certainly, Utah Power did not deem itself bound by the doctrine of res judicata for it actually introduced evidence of a need to increase the 10.71 percent rate of return to 10.82 percent.

It is clearly foreseeable that circumstances may have since changed and the Commission should have permitted the introduction of evidence both as to rate of return and rate computation, including CWIP.

On remand, we deem it advisable to give some direction as to whether CWIP should be included in the rate base. It is generally recognized that the Commission has discretion to permit a public utility to include in its present rate structure charges for developments to benefit future users. We do not hereby make judgment as to the propriety of such methods of generating earnings ostensibly necessary to induce investors to supply capital for expansion of facilities.[9] However, it is to be noted that the Commission refused to include similar charges in the rate structure of water and sewer services in *Terra Utilities, Inc. v. Public Services Commission*, which decision we affirmed.[10] To permit one utility to include such charges in its rate structure and to deny it to another indicates an inconsistency requiring alleviation.

The cause is remanded for such further proceedings as are deemed advisable, consistent herewith. No costs awarded.

ELLETT, C. J., and CROCKETT and MAUGHAN, JJ., concur.

WILKINS, Justice (concurring with comments).

I concur with the holding of the Court in this case. My comments here are prompted by the Court's attempt "to give some direction as to whether CWIP [construction work in progress] should be included in the rate base."

Questions necessary to the final determination of the case after granting of a new trial may only be passed upon if "presented on the appeal." Utah Rules of Civil Procedure 76(a). The issue of the reasonableness of CWIP's inclusion in the rate base has not been presented on appeal. It was not briefed by any of the parties nor was it even argued in this case before the Commission. Indeed the Commission's refusal to hear arguments on this latter point is the very reason the case is before us now.

The adversary procedure of our judicial system is designed to allow the parties to frame and present issues before a proper tribunal. If an issue then reaches us on appeal after this procedure has been followed, we have the benefit of the parties research and argument and also the findings and conclusions of the trial judge or administrative commission as aids in making our determination. Therefore, I believe that this Court's attempt "to give some direction" is improperly made and as such is clearly obiter dictum.

9. See also the comments in a companion case, *Utah Consumer Action Group v. Public Service Comm.*, Utah, 583 P.2d 605 (No. 15049, also decided today).

10. Utah, 575 P.2d 1029 (1978).