**UTILITY CONSUMER ACTION GROUP, a Utah Corporation, Utah State Coalition of Senior Citizens, a Utah Corporation and Salt Lake County, a body politic of the State of Utah, Plaintiffs,**

v.

**PUBLIC SERVICE COMMISSION of Utah, Milly O. Bernard, Chairman, Olof E. Zundel, and Joseph C. Foley, Commissioners, et al., Defendants.**

No. 15049.

Supreme Court of Utah.

Aug. 7, 1978.

Robert B. Hansen, Atty. Gen., James L. Barker, Jr., Leon A. Halgren, Asst. Attys. Gen., R. Paul VanDam, County Atty., Marcus G. Theodore, Deputy County Atty., Salt Lake City, for plaintiffs.

Sidney G. Baucom, Salt Lake City, for defendants.

CROCKETT, Justice:

Plaintiffs appeal from an order of the Public Service Commission dated December 2, 1976, wherein the Commission granted Utah Power & Light Company authority to allocate a revenue increase of $27,260,445 by imposing a uniform 17 percent increase in rates on all classes of its customers.

Plaintiffs contend that the order should be reversed for the reasons that: (1) they were denied due process; (2) the order was not supported by substantial evidence; and (3) that it unlawfully granted preferential rate treatment to a particular class of Utah Power & Light Company customers.

Utah Power & Light Company is the largest and practically all encompassing electrical public utility operating in this general area. On September 5, 1975, it filed an application with the Public Service Commission for a rate increase which would provide $28,463,000 in additional revenue. Pursuant to proper notice, the Commission held several hearings concerning this application. It appears that the Commission divided the general inquiry and investigation as to this application into two phases: the first phase to determine whether and in what amount Utah Power should be permitted to increase its rates; and the second phase to determine the allocation, of any such amount arrived at, among the classes of its customers. As a result of hearings on the first phase the Commission entered its report and order of March 4, 1976, that an increase of revenues in the amount of $27,260,455 was necessary to enable Utah Power to continue supplying electrical services to the public in an efficient and economical manner. In determining this increase, 20% of the construction work in progress (hereinafter CWIP), in the amount of $5,618,000, was included in the rate base.

The Commission further authorized Utah Power to file temporary rate schedules, implementing that first phase order, until the Commission could hold second phase hearings and make determinations concerning the allocations of the increase granted. It is to be recognized that in Public Service Commission hearings, where often many parties have an interest therein, it is desirable and practical that one major aspect of the hearing be dealt with and concluded before proceeding to the other. The instant proceeding is a good example. It was necessary to make a determination as to whether an increase should be allowed before it would become necessary to determine how any such increase, if granted, would be allocated.

■ The defendants contend that the order of March 4, 1976, above referred to was a final order, and that inasmuch as the plaintiffs did not take an appeal from that order, but waited to appeal from the final order allocating the rate increases, the appeal was not timely taken. We disagree with that contention. It plainly appears that the March 4th order was not final as to the way it would affect these plaintiffs and they were entitled to appeal from the final order having that effect.

The matter of principal concern in this case is the contention of the plaintiffs that they were denied due process [1] and were not accorded an opportunity to present their evidence and their contentions to the Commission, especially with regard to the effect of CWIP, which was included in the rate base upon which the Commission made its determination in the first phase of these proceedings; and particularly as to how it would affect them as rate payers.

The Legislature has directed by statute that such parties are entitled to a hearing and to introduce evidence as to the issues. U.C.A.1953, Sec. 54–7–10 provides:

At the time fixed for any hearing before the commission . . . the complainant and the corporation or person complained of, and such corporations or persons as the commission may allow to intervene, shall be entitled to be heard and to introduce evidence . . . [Underlining ours.]

It appears from the record that during the hearings on the first phase the attorney for Utah Power, Mr. Baucom, presented evidence which could have a bearing on either Phase One or Phase Two as is explained above. The evidence concerned the cost of service to the specific classes of customers. Upon this presentation Commissioner Warner sought to clarify the Commission's pre-hearing order that the first hearings would determine whether an increase should be allowed and that the second hearings, if necessary, would determine how the increase should be allocated. The actual dialogue is as follows:

COM. WARNER: For clarification, Mr. Baucom, there was laid on my desk in my office yesterday or the day before a transmittal from you, a submission of testimony and exhibits being the testimonies and exhibits of Russell E. Caywood and A.R. Dunn.

MR. BAUCOM: Yes, Your Honor. Those were submitted in conformance with this Commission's Order *concerning cost of service testimony and exhibits.*

COM. WARNER: And I take it that testimony of A.R. Dunn is different from the testimony earlier submitted that you are now referring to?

MR. BAUCOM: Yes, it is.

COM. WARNER: Very well.

MR. GEE: *May I ask at this point if the testimony which the Chairman referred to would properly be a part of Phase Two of the proceeding, and not a part of this phase?*

COM. WARNER: That's as I would understand it. Is that as you intended?

MR. BAUCOM: That is as we intended, Your Honor.

\*     \*     \*     \*     \*     \*

MR. GEE: And would it also be correct that questions, on matters that would relate *to the spread of any allowed revenues, that those would be properly taken up to Phase Two, and this would not be the appropriate time to cross-examine on that?*

COM. WARNER: That, I believe, was our pre-hearing Order, and that would be the intent of the Commission. [All emphasis added.]

Thus the Commission made clear that evidence and testimony as to the allocation of costs to the different classes of rate payers would be deferred until the second phase of the hearings.

During the second phase of the hearings the plaintiffs sought to introduce evidence

---

1. See Article 1, Sec. 7 of the Utah Constitution which provides that, "No person shall be deprived of life, liberty or property, without due process of law." Amendments 5 and 14 of the U.S. Constitution have similar provisions.

to show the effect of the inclusion of CWIP in the rate base on increases in rates to different classes of customers. This was in conformity with the Commission's pre-hearing order and directives as just cited. Upon objection by the defendants, the Commission declined to receive that evidence. Plaintiffs also sought to obtain supporting evidence concerning their contention as to the effect of CWIP on rate allocation, by requesting the issuance of a subpoena duces tecum to produce company records. This request was also denied by the Commission.

From what has been said above it is our opinion that the Commission did not accord the plaintiffs a reasonable opportunity to obtain and present relevant evidence and their contentions thereon as to the critical issues in this proceeding and thus did not accord them due process of law.[2]

This conclusion makes it unnecessary to consider the problem as to whether the formula of applying a 17 percent increase uniformly to its various classes of customers is the fairest and best way to raise whatever additional revenue is justified.

In view of the remand in this case we take occasion to make the following observation:[3] It may well be that in the operation of such a public utility there is necessity for some reasonable amount of CWIP in taking care of normal depreciation and obsolescence; and perhaps to finance a reasonable and necessary expected normal growth. But the proposition to be wary of is that a utility should not be able to impose upon its present customers the burden of financing the expansion of its growth by charging rates greater than are needed to provide a reasonable return upon the capital structure required to provide them with the services they are receiving.[4]

In consequence of what we have said herein, it is our conclusion that the order of the Public Service Commission of December 2, 1976, be vacated and that this cause be remanded for such further proceedings as may seem advisable, consistent with what has been said herein. No costs awarded.

ELLETT, C. J., and MAUGHAN and HALL, JJ., concur.

WILKINS, Justice (concurring with comments).

I concur with the holding of the Court in this case. My comments here are prompted by the Court's "observations" regarding the inclusion of construction work in progress (CWIP) in the rate base.

Rule 76(a) of the Utah Rules of Civil Procedure states that "[i]f a new trial [administrative hearing] is granted the [Supreme] court shall *pass upon* and determine all questions of law involved in the case *presented* upon the appeal and *necessary* to the final determination of the case." (Emphasis added). But the Court today makes certain "observations" concerning the reasonableness of CWIP. The reasonableness of CWIP in the rate base *generally* is: 1) not *necessary* to the final determination of this matter, 2) not *presented* by either party on appeal, and 3) *not passed* upon by the "observations" of today's decision. Accordingly, I believe that the Court's "observations" are improperly made and as such are clearly obiter dictum.

**2.** See note 1 above and accompanying text. See also *Entre Nous Club v. Toronto,* 4 Utah 2d 98, 287 P.2d 670 (1955).

**3.** See Rule 76(a), U.R.C.P.; *LeGrand Johnson Corp., et al. v. Peterson, et al.,* 18 Utah 2d 260, 420 P.2d 615 (1966).

**4.** Cf., *Terra Utilities, Inc., v. Public Service Commission,* Utah, 575 P.2d 1029 (1978).