747 P.2d 1029 (1987)
TELECOMMUNICATIONS RESELLERS OF UTAH, Plaintiff,
v.
PUBLIC SERVICE COMMISSION OF UTAH Brent H. Cameron, Chairman; James M. Byrne, Commissioner; Brian T. Stewart, Chairman, Defendants.
TEL-AMERICA OF SALT LAKE CITY, INC., Plaintiff,
v.
PUBLIC SERVICE COMMISSION OF UTAH Brent H. Cameron, Chairman; James M. Byrne, Commissioner; Brian T. Stewart, Chairman, Defendants.
Nos. 860124, 860285 and 860400.
Supreme Court of Utah.
November 30, 1987.
*1030 Stanley K. Stoll, Stephen Roth, Jerry D. Fenn, Salt Lake City, for Tel-America of Salt Lake City.
Bryan McDougal, Salt Lake City, for Telecommunications Resellers of Utah.
David L. Stott, Laurie L. Noda, Salt Lake City, for Public Service Com'n.
David L. Wilkinson, Michael L. Ginsberg, Brian W. Burnett, Sandy Mooy, Salt Lake City, for Utah Division of Public Utilities.
William P. Eigles, Denver, for AT & T Communications.
James J. Cassity, Brinton R. Burbidge, Salt Lake City, for Utah Independent Exchange Carriers.
Stephen R. Randle, Salt Lake City, Gary Witt, Stuart L. Poelman, Richard C. Ehnert, Denver, for AT & T Communications of the Mountain States.
A. Robert Thorup, Salt Lake City, GTE-Sprint Communication Corp.
David E. Salisbury, Salt Lake City, for Mountain Bell.
John W. Horsley, Salt Lake City, for Continental Telephone Co.
Arthur Brothers, Lakepoint, Utah, for Beehive Telephone Co.
Randy L. Dryer, Salt Lake City, for MCI Telecommunications Corp.
Kay M. Lewis, Salt Lake City, for Mobile Telephone Inc., and Mobile Telephone of Southern Utah, Inc.
Ted D. Smith, Floyd A. Jensen, Salt Lake City, for Mountain States Tel. & Tel. Co.
DURHAM, Justice:
Telecommunications Resellers of Utah and others petition this Court to review a Public Service Commission of Utah (PSC) order requiring payment of access tariffs by nonfacility-based long distance resellers in the telecommunications industry for their use of local networks owned by Mountain Bell and other independent telephone companies.
The issue before the Court is whether the PSC acted arbitrarily or capriciously in determining the tariff rates. The scope of this Court's review of PSC orders is limited by statute. "The review shall not be extended further than to determine whether the commission has regularly pursued its authority... ." Utah Code Ann. § 54-7-16 (1986). When reviewing the PSC's interpretation of general questions of law, this Court applies a correction-of-error standard, granting no deference to PSC expertise. Utah Department of Administrative Services v. Public Service Commission, 658 P.2d 601, 608 (Utah 1983). When reviewing matters of basic fact, this Court affords great deference to the PSC's findings, upholding those based on evidence of any substance. Id. at 608-09. For matters of ultimate fact and mixed findings of fact and law, however, PSC orders must be rationally based and are set aside only if they are imposed arbitrarily and capriciously or are beyond the "tolerable limits of reason." Id. at 611-12.
Nor does this Court have the authority to modify or partially set aside a PSC order. Mountain States Telephone & Telegraph Co. v. Public Service Commission, 107 Utah 502, 512, 155 P.2d 184, 188, reh'g denied, 107 Utah 530, 158 P.2d 935 (1945); Salt Lake Transfer Co. v. Public Service Commission, 11 Utah 2d 121, 127-28, 355 P.2d 706, 711 (1960); see also Utah Code Ann. § 54-7-16 (1986). We have occasionally remanded matters to the PSC with guidelines, Committee of Consumer Services v. Public Service Commission, 595 P.2d 871, 878-80 (Utah 1979), cert. denied sub nom., Mountain Fuel Supply Co. v. Utah Committee of Consumer Services, 444 U.S. 1014, 100 S.Ct. 664, 62 L.Ed.2d 644 (1980), or with suggestions as to possible future dispositions. Utah State Board of Regents v. Public Service Commission, 583 P.2d 609, 612 (Utah 1978). Nonetheless, upon hearing a petition, this Court is only empowered to affirm or set *1031 aside a PSC order. Utah Code Ann. § 54-7-16 (1986).
Plaintiffs urge this Court to set aside the PSC order establishing the tariffs because of the lack of any evidence upon which the PSC could determine the proper amount of the tariffs. In setting the tariffs, the PSC relied on a rate established by the Federal Communications Commission (FCC) based on nationwide cost data. Neither the FCC tariff nor the PSC tariff was based on Utah-specific cost data. Mountain Bell proffered only two witnesses willing to suggest that the tariffs were relevant to Utah-specific cost data. One of these witnesses expressed doubt as to the applicability of the FCC rate once Utah data was collected. The second witness admitted the complete absence of Utah-specific cost data and conceded that any rate set by the PSC would therefore be arbitrary. All other evidence before the PSC pointed to the lack of any Utah data upon which to base a tariff amount. Hence, there is no reasonable relationship between the tariff rates established by the PSC order and the purpose they are intended to serve, which is the recovery of costs associated with providing access to local networks for resellers.[1]
Even in light of the deference we afford to PSC findings, the order permanently establishing the tariff rate was not reasonable. Indeed, a "`substantial and meaningful review'" of the order shows that it transgressed "`the tolerable limits of reason.'" Utah Department of Administrative Services, 658 P.2d at 611 (quoting Silver Beehive Telephone Co. v. Public Service Commission, 30 Utah 2d 44, 46, 512 P.2d 1327, 1328 (1973)). In Utah Department of Business Regulation v. Public Service Commission, 614 P.2d 1242 (Utah 1980), this Court found that utility rate adjustments must be based on substantial evidence showing that the components of the rate (expense or investment) justify the adjustment. Id. at 1250. Similarly, the permanent tariff rates established by the PSC to reimburse local networks for intrastate use by resellers should be supported by substantial evidence. They are not.
This Court realizes that the need for the tariffs was manifest. Unfortunately, the amount at which the tariffs should be set was not. If possible, we would simply modify the PSC's permanent order to make it temporary and remand this matter for determination of permanent rate levels based upon Utah-specific cost data as soon as available.[2] We are, however, unable to do so. Mountain States Telephone & Telegraph Co., 107 Utah 502, 155 P.2d 184; Salt Lake Transfer Co., 11 Utah 2d 121, 355 P.2d 706; Utah Code Ann. § 54-7-16 (1986). Thus, the PSC order establishing the tariffs is set aside, and this matter is remanded to the PSC for further proceedings regarding justifiable tariff rates.
HALL, C.J., and HOWE and ZIMMERMAN, JJ., concur.
STEWART, Associate Chief Justice, concurs in the result.
NOTES
[1] Plaintiffs also claim that the tariffs should be set to account for the poorer transmission quality in the type of line usually provided for the resellers' use; if this factor can be quantified, it should also be included in the PSC's evaluation. However, at least one witness felt that it could not be determined objectively.
[2] It is the permanent nature of the order that takes it entirely beyond the limits of reason in this case. In view of the clear evidence that plaintiffs were receiving access to facilities which had some substantial value, a temporary tariff rate tied to national cost data would have been reasonable if prompt review and acquisition of Utah data had been required.